AARON TYLER, plaintiff in error, *v.* RICHARD M. YOUNG, GURDON S. HUBBARD, SAMUEL D. LOCKWOOD, THOMAS MATHER, and ORVILLE H. BROWNING, defendants in error.

*Error to Sangamon.*

A plea to an action upon a promissory note, payable twelve months after date, by an assignee, that the note was assigned after it became due, and that the consideration of the note was a bond of the same date as the note, executed by the payee of the note, to the makers, conditioned to convey certain lands described in the plea, by deed, in fee simple, with general and special warranty, within four months from the date of the note, and that the payee of the note did not, within that time, convey the said lands, according to his covenant, and therefore the consideration of the note had failed, is a bar to such action.

So, likewise, is a plea setting forth the same facts, except the failure to convey,

Tyler *v.* Young *et al.*

and averring that the payee of the note, neither at the date of the note, nor within said four months, had any legal title whatever to the lands.

So, likewise, is a plea setting forth the same facts as the first plea, except that it alleged that the payee had not conveyed the premises, and it was out of his power to convey the same according to his covenant, because of certain judgments against him, which were liens on the premises.

The time fixed for the performance of a contract, is, at law, deemed of the essence of the contract; and if the seller is not able and ready to perform his part of the agreement on that day, the purchaser may elect to consider the contract at an end.

THIS was an action of *assumpsit* brought in the Morgan Circuit Court, and taken by change of venue, by consent, to Sangamon county. The plaintiff declared on a promissory note, payable in twelve months from date, and dated Jan. 26th, 1837, made by defendants to Charles C. Perry, and by him endorsed to the plaintiff. The declaration also contained the common money counts. The defendants pleaded *non assumpsit*, and three special pleas in bar. The cause was tried in the Court below, before the Hon. Samuel H. Treat, at the November term, 1839. The plaintiff brought the cause to this Court by writ of error.

M. McCONNEL, J. A. McDOUGALL, and S. A. DOUGLASS, for the plaintiff in error, relied upon the following points and authorities :

The bond and covenants to convey, and not the conveyance of the premises by Perry, was the consideration of the note, and therefore, though the land be not conveyed, the bond and covenants remaining valid, the consideration has not failed. Such is the law with regard to all mutual and independent obligations. Saunders *v.* Beal's adm., 4 Bibb 342 ; Pyke *v.* Thomas, 4 Bibb 486 ; Reed's Exec. *v.* Harrison, 2 Bibb 446 ; McCampbell *v.* Miller, 1 Bibb 453 ; Mason *v.* Chambers, 4 Littell 253 ; 1 Sugden's Vendors 180.

If the note was, in *hæc verba*, incorporated into an instrument, containing covenants similar to the bond set out in the pleadings, there being a part payment before the time fixed to convey, the covenants would be independent, and non-performance of one could not bar an action on another. Terry *v.* Duntzer, 2 H. Blackstone 389 ; Thorpe *v.* Thorpe, 2 Modern 461 ; Mason *v.* Chambers, 4 Littell 253 ; Seers *v.* Fowler, 2 Johns. 272 ; Havens *v.* Bush, 2 Johns. 387 ; Craddock *v.* Aldrich, 2 Bibb 15.

Also, if the note and bond were one instrument, the covenants to convey the lands, and the covenants to pay the money, both being on days certain, would be construed to be separate and independent covenants, and, for a breach of either, an action would immediately lie. Mason *v.* Chambers, 4 Littell 253 ; Tuttle *v.* Tompkins, 2 Wend. 407.

If the defence contained in the pleas could be set up at all, the defendants must have placed the plaintiff in default, by endeavoring

---

Tyler *v.* Young *et al.*

---

to obtain a deed. So in an action of covenant for a breach of a covenant to convey land, plaintiff must allege and prove demand of conveyance, give reasonable time to prepare it, and then make a renewed demand. Fuller *v.* Hubbard, 6 Cowen 1 ; Hacket *v.* Mason, 3 Wend. 249 ; Connelly *v.* Pierce, 7 Wend. 129 ; Blood *v.* Goodrich, 9 Wend. 79.

C. WALKER and S. T. LOGAN, for the defendants in error, cited 14 East 486; 4 Bibb 446 ; 1 Sugden's Vendors 175, 181 ; 5 Pick. 395 ; 11 Johns. 50 – 54 ; 2 Bibb 551 ; 1 Saunders 481, top paging; Littell's Cas. 150 ; 1 Peters. 465 – 467 ; 2 Burr. 1011 ; 20 Johns. 134 ; 4 Eng. Com. Law 176 ; 14 Pick. 293 ; 5 East 449 ; 7 Term R.

SMITH, Justice, delivered the opinion of the Court : (1)

This was an action on a promissory note assigned to the plaintiff after it became due and payable.

The defendants pleaded three special pleas of failure of consideration, to which there was a general demurrer and joinder.

The Circuit Court decided the first and second pleas bad ; but that the third was sufficient, and gave judgment for the defendants.

By consent of parties, it is agreed, that all the pleas shall be considered as before the Court, for the purpose of determining their sufficiency ; and if any one of them shall be considered good, the judgment below is to stand.

To determine the sufficiency of all the pleas, it will be necessary to state the grounds of failure of the consideration stated in each plea.

The first avers, that the note declared on was assigned after it became due, and that it was given as part of the consideration for the execution of a bond of the same date as the promissory note executed to the defendants, by Perry, the assignor, in a large penalty, to convey certain lands, described in the plea, to the defendants, by metes and bounds, by deed, in fee simple, with clauses of general and special warranty, within four months after the date of the same bond ; and that Perry did not, within that time, convey the said lands, as covenanted in the said bond, and that, therefore, the consideration of the note had failed.

The second plea recites the same causes, except the omission to convey, but avers that Perry neither at the time of the execution of the promissory note, nor within four months from the date thereof, had any legal title whatever to the lands mentioned in the condition of the bond ; and that, therefore, the consideration of the note had failed.

The third plea is the same, except as to the causes of failure of

---

(1) Lockwood, Justice, being one of the parties, did not sit in this cause.

the consideration, which is alleged to be certain outstanding judgments against Perry, to a large amount, rendered in the county of Morgan, which remain unreversed and unsatisfied, and are liens on the lands covenanted to be conveyed.

On these pleas, we are led to enquire, whether the facts stated in each would be a bar to the action. By the third section of the " *Act relative to Promissory Notes, Bonds, Due Bills, and other instruments in writing, and making them assignable,*" (1) it is expressly provided, that if the note be endorsed after the day it becomes payable, the maker shall be allowed to set up the same defence to a suit by the assignee, that he might have done to an action in the name of the original payee. Hence it will be perceived, that if the defence disclosed in the first plea would be good against the assignor or payee of the note, it is equally so against the assignee.

As to the first plea, we cannot doubt that the facts disclosed by the plea would be a bar to the action. For what purpose did the defendants deliver their note, and promise thereby to pay the sum of money stipulated? Was it not for the conveyance of the land with a good title? The moving consideration was the acquirement of the estate, and this they were to possess by the covenants of the plaintiff's assignor, before they were bound to pay the money. The inducement and moving cause is the possession, by legal title, of the estate, and if that is not conveyed, or fails to pass, the promise is a mere naked one, without a consideration. (2)

On the second and third pleas, there is, if possible, less grounds for controversy. If the assignor, Perry, had no legal title to the lands at the time of the making of the note, nor at the time he covenanted to convey the lands, surely this legal inability is a sufficient defence. Upon principles of natural justice, it could not be required, that the defendants should pay for lands which could never be conveyed to them by the party contracting to convey. And the embarrassments arising from judgments against the assignor, Perry, rendering him utterly unable to make a good title, free from incumbrance, is an insuperable objection, to which no answer can be given. Both these pleas are, then, a bar to the action.

The principles here laid down will be found to be sustained by decisions in the case of Rice *v.* Goddard, (3) and Dickinson *v.* Hall, (4) Frisby *v.* Hoffnayle, (5) Hunt *v.* Livermore, (6) and numerous other cases referred to in those decisions.

In the case of the Bank of Columbia *v.* Hayner, (7) the Supreme Court of the United States held, that in contracts for the

(1) R. L. 483; Gale's Stat. 526.
(2) 5 Pick. 395.
(3) 14 Pick. 293.
(4) 14 Pick. 217.

(5) 11 Johns. 50.
(6) 5 Pick. 395.
(7) 1 Peters 455.

sale of lands, by which one agrees to purchase, and the other to convey, the undertakings of the respective parties are always dependent, unless a contrary intimation clearly appears; that an averment of performance is always made in the declaration upon contracts containing dependent undertakings; and that averment must be supported by proof; and that it is to be laid down as a rule at law, to entitle the vendor to recover the purchase money, he must aver, in his declaration, performance of the contract on his part; or an offer to perform at the day specified for the performance; and this averment must be supported by proof, unless the tender has been waived by the purchaser.

The time fixed for the performance of a contract, is, at law, deemed the essence of the contract; and if the seller is not ready and able to perform his part of the agreement, on that day, the purchaser may elect to consider the contract at an end.

Thus the principles avowed in this case, sustain the position assumed in the pleas; and fully illustrate the necessity of an ability, in the vendor, to complete his contract on the day named for its performance, and an offer by him to complete it, by a tender of a deed. The judgment is affirmed with costs.

*Judgment affirmed.*