The opinion of the court was delivered by
Valentine, J.:
George Allison in his lifetime executed a will devising and bequeathing all his real and personal property to his five children, in equal shares. He also willed that said property should be sold whenever a majority of his heirs desired the same to be done. But as to how it should be sold, or who should sell it, or who should receive, take charge of, or distribute the proceeds thereof, he made no provision. He appointed James B. Allison, who was also an heir and devisee, and John N. Anderson, executors of his last will and testament, and guardians for two of his children, who were then minors. After the death of George Allison his will was duly probated, and said James B. Allison and John N. Anderson were duly qualified as executors. Afterward all the heirs except one, who was still a minor, and both of said executors, united in selling the real estate belonging to said estate to said Samuel Scantlin, and executed to him therefor a general warranty deed, with certain special covenants, among which was the covenant that the grantors had “ good and lawful authority to sell and convey the same.” The said executors also attempted to transfer to Scantlin the interest of said minor by executing for him said deed of conveyance. In consideration of said deed, and the land thereby conveyed, said Scantlin gave certain promissory notes payable to James B. Allison and John N. Anderson, and payable to them alone, and payable to them as individuals, and not payable to them as executors, guardians, or trustees. Scantlin then took possession of said land under said deed, and has been in quiet and peaceable possession of the same ever since. No authority was ever given by the probate court, o.r by any other court, to said executors, or to any one else, to sell said land, and said James B. Allison and John N. Anderson did not qualify as guardians of said minor until long after said deed was executed. And *88 they did not even attempt to execute said deed as guardians for said minor, but executed it as executors as aforesaid. When said notes became due, James B. Allison and John N. Anderson sued Scantlin on the same in their own names, individually, and without joining with them any of said heirs as plaintiffs. The defendant answered, setting up substantially the foregoing facts. The case was then tried by the court without the intervention of a jury, upon an agreed statement of facts embodying substantially the foregoing facts. The court found for the plaintiffs, and rendered judgment in their favor for the full amount that appeared to be due on the notes. The defendant now brings the case to this courtj and asks a reversal of said judgment.
1. Parties: suit by trustee. I. The plaintiff in error (defendant below) claims that the plaintiffs below should have brought their action in their representative capacity, as executors, or guardians, and not in their own individual names. We think however that the action was rightly brought. It is true, the money due on the notes belonged to the heirs; but the notes were made by consent of all parties interested therein to the plaintiffs in their individual names, and not to the heirs, or to the plaintiffs in their representative capacities. The plaintiffs were not designated in the notes as executors, or guardians, or even as trustees; and while it is true that the plaintiffs hold the notes as trustees for the heirs, it can hardly be said that they hold them as either executors or guardians. Section 28 of the civil code provides that “a person with whom or in whose name a contract is made for the benefit of another- may bring an action without joining with him the person for whose benefit it is prosecuted;” and § 9 of the act concerning trusts and powers (Gen. Stat., 1097,) provides that “No person who shall in good faith pay money to a trustee authorized to receive the same shall be responsible for the proper application of such money; nor shall any right or title, derived by him from such trustee, in consideration of such payment, be called in question, in consequence of misapplication by the trustee of such money.” Under these statutes there can be no reason why the action should have *89 been brought differently from what it was brought; and •under these statutes, and the common law, the action was rightly brought.
2. conveyanoe' II. The plaintiff in error also claims that the said sale of land, the deed, etc., were all illegal and void, and therefore that the notes were wholly without consideration, and void. We suppose it is hardly necessary for us to say that said transactions were not wholly void. No •question is raised as to the right and title of the heirs to said land, and no question is raised as to the right and the power of four of them to sell and convey their interest in the. same. The defendant unquestionably got a good title to at least four-fifths of said land; and as he still retains the title to .said four-fifths, and the possession of the whole of it, and does not ask to have the contract of sale and conveyance rescinded, and has shown no damages except the want of title to one-fifth of the land, he is bound to pay at least four-fifths •of the consideration for said land.

„ „ lands of minor.

4 Failure of consideration.

*90
^ , t/on™ecoupmeilt'

*91
Defense pro tanto.

*89 III. The plaintiff in error also claims that said deed, so far as it attempted to convey the one-fifth interest of said minor in said land, is illegal and void. This claim we think correct. The land was devised to the heirs, and n0£ the executors and guardians. And no power was given to said executors or guardians to either sell said land, or to take charge of or distribute the proceeds of the sale. The testator provided for a sale of the land upon the happening of a certain contingency; and all the conditions of that contingency were fulfilled before said land was sold. But as the testator did not provide how the land should be sold, or by whom it should be sold, it could be sold only in accordance with existing laws upon the subject. Eourfifths of the land was sold in accordance with one of the modes prescribed by law for selling land, but the other fifth was not so sold. One-fifth belonged to a minor, and could be sold onty ^y some court of competent jurisdiction. guch ari order was never made. Therefore one-fifth of said land was never legally sold or conveyed; and *90 therefore, to this extent, the notes were without consideration. Whether this want of consideration can be set up in an action on the notes, depends as we suppose upon whether there has been any breach of any covenant contained in the deed. Where there has been no breach of any covenant, and no-fraud, or material mistake, we suppose no want or failure of consideration can ever be shown. Thus, where a deed without covenants has been executed, (a quitclaim deed,) the deed alone is usually considered a sufficient consideration for the notes. And where the covenants contained in the deed are such only as run with the land, and such as can be broken only by an eviction, they alone, while existing unbroken, are usually considered a sufficient consideration for the notes. Indeed, until a breach of some covenant, no want or failure of consideration is supposed in law to exist, and the grantee has neither a cause of action for any want or failure of consideration, nor a defense to any action as against the grantor. But whenever any covenant in a deed is broken, then we suppose there is in fact and in law a want or failure of consideration, and such want or failure of consideration immediately becomes available to the grantee, either as a cause of action in the covenants, or as a defense to an action brought for the recovery of the purchase money. In many of the states.this want or failure of consideration may be set up as a defense by way of recoupment, or reduction of damages. Cook v. Mix, 11 Conn., 432, and cases cited on page 439; Gray v. Hundkinson, 1 Bay, (S. Car.,) 278; Bell v. Huggins, 1 Bay, 326; Frisbee v. Hoffnagle, 11 Johns., 50; Tillottson v. Grapes, 4 N. H., 444; Sternhaur v. Witman, 1 S. & R., 438; Rice v. Goddard, 14 Pick., 293; Drew v. Towle, 7 Foster, 412; Slack v. McLagan, 15 Ill., 242; Tyler v. Young, 3 Ill., 444; Gregory v. Scott, 5 Ill., 391, 561. In-some of the states however this want or failure of consideration can be made available as a defense only where the failure is total, or if not total, where the amount is liquidated, or can be determined exactly by mere calculation. (Jenness v. Parker, 24 Me., 289.) But the great weight of authority undoubtedly *91 ^ amoimt of the failure, total or partial, can be determined exactly by mere calculation, then the defense may be made available. This rule ■ covers the present case. The exact amount of the consideration for the land is,known, and the amount of the failure is precisely one-fifth of the entire consideration of the land. But it makes but little difference what has been decided in other states unless the statutes of such states are like ours. We suppose it will be admitted that under the statutes of this state “The defendant may set forth in his answer as many grounds of defense, counterclaim, set-offs, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both.” (Civil code, § 94.) Indeed, if the defendant in this case has any remedy whatever, as plaintiff or defendant, legal, or equitable, he may set it up in his answer in this case. That the defense set up in this action is a counterclaim, we suppose there can scarcely be any doubt. And probably it is also a defense, and a ground for relief. A counterclaim, is merely a cause of action “existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the .petition, as the foundation of the plaintiff’s claim, or connected with the subject of the action.” (Code, § 95.) A defense, under the statute, is such as would’have been a defense at common law, or in equity. And a ground for relief, under the statute is “a right to relief necessarily or properly involved in the action, for a complete determination thereof, or settlement of the question involved therein.” (Code, § 95.) The question we are now considering has been thoroughly considered in Wisconsin, where they have a code of practice similar to ours. In that state the supreme court holds that the kind of defense we are now considering is a counterclaim, and may be set up by the grantee whenever sued for the purchase-money by the grantor. (Walker v. Wilson, 13 Wis., 522; Hall v. Gale, 14 Wis., 54; Akerly v. Vilas, 21 Wis., 88, 109, 377; Eaton v. Tallmadge, 22 Wis., 528.) *92 The question has also been considered in Minnesota, where they have a similar code, and decided the same way. (Lowry v. Hurd, 7 Minn., 356, 362.) That a cause of action has accrued in favor of the defendant in this action, and against the plaintiffs, on account of said failure of consideration, we suppose will not be questioned. The covenants which may be broken at the time of the delivery of the deed, are covenants of seisin, covenants for the right to convey, and covenants against incumbrances. And when either of these covenants is broken, a cause of action immediately accrues in favor of the grantee anci against the grantor, and the grantee may immediately commence his action, whether he be in possession of the property attempted to be conveyed or not. The measure of damages for the breach of either the first or second of the above-mentioned covenants is usually the consideration-money for the land to which the title has failed. (For the first, see Dale v. Shively, 8 Kas., 276; for the second, see Rawle on Covenants, 4th ed., 88.) When the breach is only as to an aliquot and undivided part of the land attempted to be conveyed, then the damages are in proportion to the whole consideration as that aliquot and undivided portion of the land is to the whole amount of the land attempted to be conveyed. (Downer v. Smith, 38 Vt., 464.) In the present case the damages are one-fifth of the entire consideration. In the present case, although one undivided fifth did not belong to the grantors, nor to either of them, and they had no right to sell the same, yet they all covenanted with the grantee that the land was free from incumbrance, that they had “good and lawful authority to sell and convey the same,” and that they would warrant and defend the title against the claims of all persons whatsoever. The second covenant was broken as soon as the deed was delivered, and therefore a cause of action immediately accrued in favor of the grantee, and against each and all of the grantors. The covenant is in form a joint covenant, but in this state all joint contracts and obligations are several as well as joint. (Gen. Stat., 183, ch. 21, §§ 1, 4.) Therefore it can make no difference that the *93 plaintiffs are jointly liable on their covenants with others who are not parties to the suit, for they are also severally liable.
This cause will be remanded with the order that the judgment of the court below be modified in accordance with this opinion. The costs of this court will be equally divided between the plaintiff and defendants.
All the Justices concurring.