REUBEN M. MANLEY, *as Executor, etc.,* v.
ANNA O. PARK.

No. 13,335.    (75 Pac. 557.)*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Action by Holder, Regardless of his
Interest in Proceeds.* One who holds the full legal title to a
promissory note by assignment may maintain an action thereon
against the maker, notwithstanding he has no beneficial interest
in the proceeds, the assignment having been made to enable him
to realize on the claim in the interest of the original payee.

2. ——— *Case Overruled.* The case of *Stewart v. Price,* 64 Kan.
191, 67 Pac. 553, is overruled.

3. CORPORATIONS—*Action against Stockholder—Non Res Judi-
cata.* The right of a creditor having various claims against a
corporation to exact payment from a stockholder is not such a
single and indivisible demand that by placing one claim in judg-
ment against the stockholder he is precluded from proceeding
against him on the others.

Error from Atchison district court; W. T. BLAND,
judge.   Opinion filed February 6, 1904.   Modified.

*L. F. Bird,* for plaintiff in error.

*Jackson & Jackson,* for defendant in error.

The opinion of the court was delivered by

MASON, J.:  Richard A. Park (who is succeeded by
Anna O. Park) held a debenture bond issued by a
corporation in which George Manley owned stock.
The corporation having suspended business for more
than a year, and Manley having died, Park sued the
executor, Reuben M. Manley, as a stockholder, on the
bond and recovered judgment, to review which this
proceeding is brought.

All the questions just decided in the preceding case

---

*Pending in supreme court of the United States.

Manley v. Park.

of *Manley v. Mayer*, 75 Pac. 550, arise in this case. As to them nothing further need be said ; but two additional questions are now presented, the first of which relates to the matter of parties.   There was evidence that while the bond referred to had been assigned to Park he had no beneficial interest therein, the assignment having been made to enable him to realize on the claim in the interest of the original payee.   We are asked to hold, upon the authority of *Stewart v. Price*, 64 Kan. 191, 67 Pac. 553, that under these circumstances he was not the real party in interest and could not maintain the action.   That case was decided by a divided court, three justices dissenting.   The two conflicting views involved were there fully discussed, the authorities in support of each being reviewed.   There was no difference of opinion on the proposition that the conclusion reached was at variance with the weight of authority and in conflict with earlier Kansas decisions.   For reasons therein stated we now believe that the law should then have been declared in accordance with the minority opinion, and that it is better to make such declaration at this time than to confirm that case as an authoritative precedent.

When the owner of a note, for reasons satisfactory to himself, assigns it to another, thereby vesting in him the full legal title, the assignee becomes, so far as the debtor is concerned, the real party in interest. The original owner is still the person to be finally benefited by the litigation, but his legal demand is no longer against the maker of the note, but against the person to whom he has assigned it.   When the obligor is sued by such assignee (no claim as innocent purchaser being involved), he can make any defense he could have made against the assignor ; he is fully pro-

26—68 KAN.

Manley v. Park.

tected against another action; and in no way is it a matter of the slightest concern to him what arrangement between the plaintiff and the original creditor occasioned the assignment. This being true, it would be a sacrifice of substance to form to permit the defendant to defeat the action by showing a failure of consideration for the transfer, or that the plaintiff was bound to account to his assignor for a part or all of the proceeds. We hold that the objection to the judgment urged on the ground that plaintiff was not the real party in interest is untenable.

The second question turns upon the fact that the plaintiff had formerly sued defendant and obtained a judgment against him on a similar cause of action. It is argued that the creditor of a corporation has but one demand against a stockholder for the payment of all his claims against the corporation; that he may not split this demand and harass the stockholder with several suits; and that when he has once obtained a judgment for any amount, based on the stockholder's individual liability, he has exhausted his remedy against him. The principle is well settled that a single demand, entire in its nature, may not be made the basis of different suits, and if judgment be obtained on one part of it that is a final adjudication of the whole matter. But this principle cannot apply to the facts of the present case. It is true that there is a sense in which the action is brought not on the note, but on the statutory liability. This is illustrated by the application of the three-year statute of limitations. On the other hand, it is recognized that the stockholder's obligation is contractual. In view of the statute, whenever one subscribes to stock in a corporation he thereby assumes a liability as to each and every obligation of that body. The corporation

Woodmen Circle v. Stretton.

might be sued in a separate action upon each of the bonds issued by it. Different issues might arise in each suit. Upon several judgments being obtained by one person upon different bonds, he might, upon failure to collect by the ordinary means, charge a stockholder by separate motion in each case with the payment of each and all of the judgments. Each bond of the corporation forms a good cause of action against it. Each bond, with the fact of the stockholder's ownership of stock, forms a good cause of action against him whenever the business of the corporation has been suspended for more than a year. The liability of the stockholder in this regard is as broad as that of the corporation. The judgment complained of will be held good against this objection.

For the reasons stated in *Manley v. Mayer*, supra, the judgment in this case is excessive. and will be reduced to $1033.97.

All the Justices concurring.