WYATT GRAHAM v. ISMA TROTH.

No. 13,693.   (77 Pac. 92.)

Error from Johnson district court; W. H. SHELDON, judge.   Opinion filed June 11, 1904.   Affirmed.

*H. L. Burgess*, for plaintiff in error.

*J. P. Hindman, Isma Troth*, and *J. Frank Wilson*, for defendant in error.

*Per Curiam:*  Defendant in error, who was plaintiff below, brought his action on a note for $2000 in the capacity of trustee of an express trust, and recovered judgment, which the defendant seeks to have reviewed and reversed.

The defendant's verified answer admitted the execution of the note and contained defensive matter.   Upon the trial the note in suit was introduced in evidence, and its indorsement in blank by the payee thereof shown.   Conceiving that he was required also to show the capacity in which he had brought the action, the plaintiff introduced in evidence a decree of the court of common pleas of Highland county, Ohio, establishing the allegations of his petition in regard to his express trusteeship.   This was objected to because not properly authenticated.   Its admission over this objection forms the first claim of error.   Its authentication was by the judge of that court, with the certificate of the clerk, both of which were apparently regular, under the United States statutes providing for the authentication of judgments from the courts of sister states. Added thereto, however, was the certificate of the governor of the state of Ohio and the secretary of state, apparently for the purpose of conforming to the requirements of section 371 of the code of civil procedure (Gen. Stat. 1901, § 4819), which provides for the certification of proceedings in courts of a foreign country.   The objection made goes to the faultiness of the certificate of the governor of Ohio required by this section.   The certificate of the judgment was sufficient without attaching thereto any certificate of the governor.   The state of Ohio is not a foreign country,

and, hence, the judgments of its courts need not be authenticated in pursuance of this section. No such certificate being required at all, the attaching of a faulty one did not render the otherwise sufficient certificate bad.

The matter adjusted in the court of common pleas related only to the interest which several claimants had in the note in suit. All of these parties were before that court. The defendant, the maker of the note, however, was not a party. He, therefore, claimed that the adjudication of the character in which the plaintiff held the note was not binding on him, and incompetent to be introduced against him. The question adjudicated involved in no way the interests of the maker of the note; it only settled the rights of the several parties interested in the proceeds thereof. This could be done without the presence of the maker. If he were required to pay the note at all he was not concerned about when he should pay it.

It is further contended that, the note having been shown to have been indorsed in blank by the payee, such indorsement was, as a matter of law, a conveyance of the entire beneficial interest, and the plaintiff could not, by any evidence *aliunde*, contradict it, and make it an assignment to him as a trustee of an express trust. The indorsement in blank served to convey to the one to whom it was thereby transferred the legal title, and it was entirely competent, if material, to show the capacity in which he was holding such title. We are, however, further of the opinion that none of the above questions was very material, for, as we have suggested, by this assignment the plaintiff held the legal title to the note, and as such holder he was entitled to recover thereon. (*Manley v. Park*, 68 Kan. 400, 75 Pac. 557.) The question of distribution of the proceeds of such collection was a matter between the trustee and his *cestuis que trust*, and not one in which the maker of the note was interested.

The plaintiff had been adjudged a bankrupt; a portion of the money due upon the note had belonged to him and now belonged to the trustee in bankruptcy. The decree of the court of common pleas required that such portion should be paid over to the trustee in bankruptcy after its collection by the plaintiff. Objection is now made that in some way this is violative of the rights of the defendant; that it is inconceivable that a bankrupt could be made a trustee for this purpose, and, hence, that the plaintiff could not recover. We see nothing inconsistent in the matter,

and only mention it to afford opportunity to deny the contention of the plaintiff in error.

Objections are made to the giving of special instructions and the refusal to give others as requested, but they are without merit. No beneficial end would result from detailed comment. The facts upon which the merits of the litigation turned were somewhat involved. A sharp conflict of testimony between the plaintiff and defendant was presented to the jury, and they took the plaintiff's view. We may not interfere, nor are we so disposed.

The judgment is affirmed.