## WYATT STANLEY V. G. W. PENNY.

No. 14,867   (88 Pac. 875.)

### SYLLABUS BY THE COURT.

1. PARTIES—*Action on a Promissory Note.* The owner and holder of the legal title to a promissory note may maintain an action to enforce collection thereof, even though a third party may be entitled to the proceeds.

2. —— *Evidence that Plaintiff Is Not the Equitable Owner.* Where the payee of an unindorsed, negotiable promissory note has possession thereof he may maintain an action thereon against the maker, and in such an action evidence merely tending to show that a third person has a beneficial interest in the proceeds of the note is immaterial.

Error from Harper district court; PRESTON B. GILLETT, judge. Opinion filed February 9, 1907. Affirmed.

*E. C. Wilcox,* for plaintiff in error.

*T. A. Noftzger,* for              error.

Stanley v. Penny.

The opinion of the court was delivered by

GRAVES, J.: This is an action on a promissory note. It was commenced .before a justice of the peace in Harper county. No written pleading was filed by the defendant, and he did not appear at the, trial. Judgment was entered in favor of the plaintiff, and the defendant appealed to the district court, where the case was tried to a jury. Two defenses were presented orally: First, payment; and, second, that the plaintiff was not the owner of the note, and therefore not the real party in interest. A verdict was returned in favor of the plaintiff. The defendant brings the case here for review. The errors assigned are: (1) The exclusion of evidence; (2) the giving of erroneous instructions; and (3) the refusal to instruct as requested.

As to the plea of payment, that issue has been settled by the verdict, upon conflicting evidence, and cannot be considered here.

The errors assigned all relate to the same point, and may be considered together. The evidence excluded was a conversation had by the defendant with the mother of the plaintiff, concerning the note in suit, which reads:

"Ques. What conversation, if any? Ans. Well, she come to me—she built a house in Stronghurst and she wanted some money—and I told her I did not have the money, and she says, 'I will take it down to the bank and turn it over to them and you can pay it there,' and I says 'that will be all right'; and it run on a while, and I saw her and she said she did not want the note any longer and wanted to do that, and I went down to the bank and took the notes up and gave my own note."

"Q. In these conversations with Mrs. E. A. Penny was anything said about her having sold the note to the bank and drawn the money on it? A. I just could not tell whether she said she sold it; she said she turned them over to the bank and got the money."

This evidence was admitted on the trial, and after-

ward taken from the jury by an instruction of the
court. The effect of this withdrawal will be better
understood by considering, in this connection, a brief
history of the transaction:

The note represents the price of property purchased
by the defendant from the plaintiff. It is in the
ordinary form of a promissory note, payable at the
bank where the defendant does his banking business,
to the order of the plaintiff, and is signed by the de-
fendant. The plaintiff is about forty years old, un-
married, and resides with his parents. He buys and
sells property, loans money, and does business gener-
ally in his own name. Some of the witnesses described
him as being "rather weak-minded," and it is claimed
that for this reason his mother attends to, and in a gen-
eral way manages, his affairs. It does not appear that
he is under legal guardianship or that he is incom-
petent to manage his own business, nor is it claimed
that his mother has been expressly authorized by him
to act in his behalf. It does appear, however, that she
has managed many business transactions for him, with
the defendant and others. The close relationship nat-
urally existing between the plaintiff and his mother,
together with his long acquiescence in her management
of his affairs, is claimed to be sufficient to invest her
with the ordinary legal attributes of a general agent,
and makes her statements concerning his business ad-
missible as evidence against him. The conversation
hereinbefore mentioned was offered upon this theory.
Its admissibility has been discussed at some length, but
in the view we have taken it need not be considered
here. The note was not indorsed by the payee, but was
in its original condition. The plaintiff was at least the
owner and holder of the legal title thereto. The re-
jected conversation does not indicate a sale of the note
to the bank, and it constitutes the entire evidence in
the case on this subject. The evidence at most shows
that the note was "turned over" to the bank, and money

received thereon, but whether turned over as collateral security or discounted does not appear.

The plaintiff, having the legal title to the note, was a proper party to enforce collection, even though the bank might be entitled to the proceeds when collected. (*Manley v. Park*, 68 Kan. 400, 75 Pac. 557, 66 L. R. A. 967; *Graham v. Troth*, 69 Kan. 861, 77 Pac. 92; *Greene v. McAuley*, 70 Kan. 601, 79 Pac. 133, 68 L. R. A. 308.) The conversation in question was therefore immaterial, and was properly withdrawn from the consideration of the jury.

The instructions given by the court of which complaint is made were the one withdrawing the above-mentioned conversation from the jury and another which failed to present the ownership of the note as an issue in the case. The evidence, being immaterial, was properly withdrawn. No evidence remaining upon the other question, both instructions were proper. The instructions requested and refused related to the ownership of the note, and for the reason before given were properly refused.

The judgment is affirmed.