### THE FISHER MACHINE WORKS COMPANY V. THE LEAVENWORTH NATIONAL BANK.

No. 15,371. (94 Pac. 124.)

SYLLABUS BY THE COURT.

1. PARTIES—*Action on Non-negotiable Note.* The holder of a non-negotiable promissory note, indorsed by the payee, is *prima facie* entitled to maintain an action for the collection thereof.

2. PROMISSORY NOTE—*Non-negotiable—Action by Holder—Evidence.* A non-negotiable promissory note was owned by an estate. The administratrix indorsed the note in blank and delivered it to a bank. The bank commenced an action in its own name against the maker to enforce collection. In its verified answer the maker admitted the execution of the note, but denied the authority of the administratrix "to indorse said above-described note to the plaintiff herein, or to any other party." On the trial the plaintiff presented the note to the court and demanded judgment. No proof being presented by the defendant, judgment was entered for plaintiff. *Held,* not error.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed February 8, 1908. Affirmed.

### STATEMENT.

THIS action was commenced in the district court of Leavenworth county September 5, 1905, by the defendant in error against the plaintiff in error, upon a promissory note. The petition was in ordinary form, the note being attached as an exhibit, which reads:

"$500.        LEAVENWORTH, KAN., April 19, 1905.

"For value received, ninety days after date, we promise to pay to the order of the M. Ryan estate only, five hundred and no-100 dollars at our office, Leavenworth, Kan.

(Signed.)        FISHER MACHINE WORKS CO.
"Due July 18.        G. H. FISHER.
[Note indorsed:]

"Mary R. Loftus, administratrix of the estate of Mathew Ryan."

Defendant filed a verified answer, which, omitting the caption, reads:

"(1) Now comes the defendant and for its answer to the petition of the plaintiff heretofore filed herein denies each and every allegation made or contained in said petition, except that the defendant admits that it is a corporation.

"(2) Defendant for further answer herein denies that it made, executed and delivered any such note to the M. Ryan estate as is alleged and set forth in the petition of plaintiff herein, or that said plaintiff is the legal owner of any such note as was made, executed and delivered by the defendant herein to said M. Ryan estate.

"(3) Defendant for further answer herein refers to the above and foregoing as part hereof, and further alleges that on or about the 19th day of April, 1905, it made, executed and delivered to the 'M. Ryan estate only' its certain promissory note, which was in the words and figures following, to wit:

"'$500.        LEAVENWORTH, KAN., April 19, 1905.

"For value received, ninety days after date, we promise to pay to the M. Ryan estate only, five hundred and no-100 dollars, at our office, Leavenworth, Kan.

FISHER MACHINE WORKS CO.

G. H. FISHER.'

"But defendant alleges that said note so made, executed and delivered by it as aforesaid is payable to the M. Ryan estate only, if payable to any one, and is nonnegotiable, and that plaintiff is not and cannot be the legal owner thereof, and has no legal capacity to sue the defendant herein thereon, and that said plaintiff has no right to recover a judgment thereon against the defendant herein.

"(4) Defendant for further answer herein refers to the above and foregoing as part hereof, and further alleges that it denies that Mary R. Loftus, acting as the administratrix of the M. Ryan estate, had any legal right or authority to indorse said above-described note to the plaintiff herein, or to any other party or parties.".

The verification is as follows:

"George H. Fisher, of lawful age, being duly sworn, on oath deposes and says: That he is president of the Fisher Machine Works Company, a corporation, the defendant herein; that he knows the contents of the above and foregoing answer, and that all of the statements therein contained are true. Affiant further avers that said the Fisher Machine Works Company denies under oath that it made, executed and delivered any such note as is sued on by the plaintiff herein and a copy of which is set forth in the plaintiff's petition herein, and it further denies that Mary R. Loftus, as administratrix of the M. Ryan estate, had any legal right or authority to indorse to the plaintiff herein, or to any other party, the note, a copy of which is set forth in this answer."

There was no reply. When the case was reached for trial plaintiff was permitted to amend the petition by striking out of the note the words "the order of." Then both parties, without further change in the pleadings, demanded judgment thereon. During the discussion upon this question counsel for defendant said to the plaintiff's attorney: "Do you concede that the plaintiff owns that note and holds it by indorsement?" To which plaintiff's attorney replied: "The plaintiff holds this note as collateral security, by assignment." The plaintiff then produced the note in open court and

Fisher v. Bank.

judgment was given in its favor.  The journal entry of judgment reads:

"On this 26th day of May, A. D. 1906, came the plaintiff herein, the Leavenworth National Bank, a corporation, by A. E. Dempsey, its attorney, and also came the defendant, the Fisher Machine Works Company, a corporation, by Arthur M. Jackson and J. C. Petherbridge, its attorneys, and thereupon this cause came on for trial, and a jury having been duly waived, the trial hereof was proceeded with before the court, and thereupon plaintiff asked leave of court to amend its petition herein by striking out the words 'the order of' in the copy of the note set up in its petition, which application and permission the court granted, over the objection and exception of the defendant.  The defendant thereupon moved the court to continue the trial of this cause to the next term of this court, which motion was by the court overruled, and to which ruling and decision of the court defendant at the time duly objected and excepted.  Thereupon the defendant moved the court for judgment in its favor herein upon the pleadings filed herein, which motion was by the court overruled, to which ruling of the court defendant at the time duly objected and excepted.  Thereupon the plaintiff produced the note sued upon, in open court, moved the court for judgment herein in its favor upon the pleadings, and there being no evidence offered or adduced by defendant, said motion was by the court sustained, to which judgment, ruling and decision of the court defendant at the time duly objected and excepted.

"It is, therefore, now by the court considered, ordered and adjudged, that the plaintiff, the Leavenworth National Bank, have and recover of and from the defendant, the Fisher Machine Works Company, a corporation, the sum of five hundred dollars ($500), with interest thereon from July 19, 1905, until paid, at the rate of six per cent. per annum, and the costs of this action, taxed at $————, and that execution issue therefor, to which judgment the defendant at the time duly objected and excepted and gave notice of a motion for a new trial."

*Arthur M. Jackson,* and *J. C. Petherbridge,* for plaintiff in error.

*A. E. Dempsey,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: When this case was presented to the district court each party insisted that the burden of proof was upon the other, and each claimed judgment upon the pleadings. The court decided that the plaintiff was entitled to judgment as prayed for, and awarded it accordingly. This presents the only question in the case.

We have concluded that the court was correct. The note was made payable to "the M. Ryan estate only." It was indorsed by the administratrix of that estate in blank and delivered to the plaintiff, who actually produced it in court upon the trial. This is not denied. The only issues presented by the pleadings are made by the defendant's denial under oath that the administratrix had authority to make the indorsement on the note and that the plaintiff was the owner of the note. But while the indorsement, if unauthorized, would not convey the ownership of the note, it was sufficient to give the indorsee the power to collect. This court has repeatedly held that a person who has the naked legal title to a note may collect the same by suit, even though the money, when collected, belongs to another. (*Manley v. Park,* 68 Kan. 400, 75 Pac. 557, 66 L. R. A. 967; *Graham v. Troth,* 69 Kan. 861, 77 Pac. 92; *Greene v. McAuley,* 70 Kan. 601, 79 Pac. 133, 68 L. R. A. 308; *Stanley v. Penny,* 75 Kan. 179, 88 Pac. 875.)

In this case the bank, by reason of the want of authority in the administratrix to indorse the note, may not be the owner thereof, and the proceeds of the note, when collected, may belong to the estate, but this would not prevent the bank from maintaining this action. This rule was discussed in the dissenting opinion of Mr.

Justice Greene in the case of *Stewart v. Price,* 64 Kan. 191, 201, 67 Pac. 553, 64 L. R. A. 581, and it has since been accepted as the law in this court. (*Manley v. Park,* 68 Kan. 400, 75 Pac. 557, 66 L. R. A. 967.) The rule was stated in the case of *McCallum and Greeley v. Driggs,* 35 Fla. 277, 17 South. 407, as follows:

"If a note be indorsed in blank, the courts never inquire into the right of the plaintiff, whether he sues in his own right or as trustee, nor into the right of possession, unless a plea be made of *mala fides* in the plaintiff's possession." (Syllabus.)

The argument of defendant has been made here upon the assumption that the judgment was entered for the plaintiff in the district court wholly because of the state of the pleadings, and the language of the journal entry is to some extent open to such a construction, but taking its language as a whole we understand it to mean that the judgment was given both upon the pleadings and the presentation of the note in court. We think the production of the note, which appears on its face to have been regularly indorsed to the plaintiff, was sufficient to justify the judgment, and it is affirmed.