No. 19,506.

JAMES L. DAVISON, *Appellant*, V. ANNA CALMBACK, *Appellee.*

SYLLABUS BY THE COURT.

ASSIGNMENT — *Account* — *Form of Assignment Good against Demurrer to Petition.* In an action upon an account for goods sold by a corporation, a petition alleging ownership in the plaintiff by virtue of a written assignment is not rendered demurrable by the fact that the writing does not describe the account otherwise than as that of the defendant, and is signed only by the vice president, no seal being attached.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed May 8, 1915. Reversed.

*A. A. Osgood, Paul H. Kimball,* and *Webster W. Kimball,* all of Parsons, for the appellant.

*Mark P. Gillin,* of Parsons, for the appellee.

The opinion of the court was delivered by

MASON, J.: James L. Davison sued Anna Calmback, alleging that she had been a member of a partnership known as the Star Sample Millinery Company, which purchased goods from the Englehart-Davison Mercantile Company; that the account had been assigned to the plaintiff, who now owns it, a copy of the assignment being attached to the petition. The defendant

Davison v. Calmback.

filed a general demurrer, which was sustained, and the plaintiff appeals. The copy of the assignment reads:

"ST. JOSEPH, MISSOURI, Oct. 18, 1913.
"For value received, the account of the Star Sample Millinery Company, of Oklahoma City, Oklahoma, has been assigned and is payable to James L. Davison.

ENGLEHART-DAVISON MERCANTILE COMPANY,
AUGUST QUENTIN,
*Vice President.*"

The defendant undertakes to justify the ruling upon the ground that the assignment does not describe the account with sufficient particularity to identify it. "No greater particularity is required than is actually necessary to do this with the aid of the attendant and surrounding circumstances." (4 Cyc. 42.) The writing assumes the existence of only one account, and presumably refers to whatever was at the time owing for goods sold to the millinery company by the mercantile company.

The contention is also made that the assignment is invalid because signed only by the vice president, no corporate seal being attached. As against a demurrer the allegation that the account was by this writing assigned to the plaintiff, who is now its owner, implies that the officer signing it was authorized to bind the corporation. If the writing was delivered in pursuance of a bargain for the transfer of the account the corporation can not take advantage of its informality (10 Cyc. 1003), and the defendant has no interest in the matter beyond being assured that a payment to the plaintiff will discharge her liability (*Fisher v. Bank,* 77 Kan. 268, 94 Pac. 124; *Rullman v. Rullman,* 81 Kan. 521, 106 Pac. 62). The absence of the seal is immaterial. (10 Cyc. 1006.)

The order sustaining the demurrer is reversed, and the cause is remanded for further proceedings.