No. 23,530.

The Lebo State Bank, *Appellee*, v. T. S. Booth, *Appellant*.

SYLLABUS BY THE COURT.

1. Accommodation Promissory Note—*Good in Hands of Endorsee.* An accommodation promissory note is good in the hands of an endorsee who holds it in due course, although the note was secured from the maker by the fraud of the payee.

2. Same—*Unavailable Defenses—Unauthorized Endorsement.* The maker of a promissory note cannot defeat it by showing that those who endorsed the payee's name in transferring it had no authority to make the endorsement where the payee receives the proceeds arising from the endorsement of the note, claims no further interest in it, and has knowledge of the action commenced by the endorsee to enforce its payment.

Appeal from Coffey district court; William C. Harris, judge. Opinion filed May 6, 1922. Affirmed.

*J. P. McLaughlin,* of Osage City, *A. O. Justice,* and *A. E. Crane,* both of Topeka, for the appellant.

*R. M. Hamer, H. E. Ganse,* and *Gilbert H. Frith,* all of Emporia, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The defendant appeals from a judgment against him on three promissory notes made payable to the Thomas Ruddy

Co., two for $1,500 each, one for $3,000, the first two of which were endorsed "Thomas Ruddy Co. by H. H. Ready for discount," and the last of which was endorsed "without recourse, Thomas Ruddy Co. W. W. Blaker."

The brief of the defendant states:

"In the amended answer of the defendant there are a number of defenses. To each cause of action the defendant alleged that H. H. Ready and W. W. Blaker were not officers of the Thomas Ruddy Company, a corporation; that H. H. Ready on the 18th day of February, 1918, was not an officer or in the employ of the Thomas Ruddy Company, and that he did not have the authority to sell, or to assign, or to negotiate, or to endorse notes or drafts or other evidence of indebtedness by the name of the Thomas Ruddy Company, and that he had no authority to sell or assign the notes sued upon in this action.

"In said answer it was further alleged that W. W. Blaker was not an officer, agent or employee of the Thomas Ruddy Company, a corporation, on the 18th day of April, 1918, and that he was not authorized to sign, endorse, sell, negotiate notes, drafts or checks by the name of the Thomas Ruddy Company, and that the transfer of the notes sued upon were without authority and were a forgery."

As a further defense to the $3,000 note, the defendant alleged that the note was given to be used by Thomas Ruddy Company as collateral security; that the defendant received no consideration therefor; that the note was not to be paid nor transferred; and that the defendant's signature to the note was procured by fraud. The reply set out the consideration alleged to have been received by the defendant for the $3,000 note. Evidence was introduced; a demurrer to the evidence of the defendant was sustained; and the jury was directed to return a verdict in favor of the plaintiff for the sum of all three notes. That was done, and judgment was rendered accordingly.

There was no question about the execution of the notes, about their transfer to the plaintiff before maturity, or that the plaintiff paid full value for the notes less a small discount. There was no evidence to show that the plaintiff, when it acquired the notes, had any notice of any defect in any of them. The two $1,500 notes were endorsed by H. H. Ready and the $3,000 note by W. W. Blaker for the Thomas Ruddy Company. H. H. Ready and W. W. Blaker each, at the times the notes were transferred to the plaintiff, produced written authority from the Thomas Ruddy Company, signed by its president, to endorse notes without recourse. The Thomas Ruddy Company received the proceeds arising from the

sale of these notes. It was stipulated that the Thomas Ruddy Company and its successors and assigns did not have any interest in or claim to the notes. Depositions of the officers of the company were taken. That company had actual notice of this action and the subject matter thereof.

1. The principal matters complained of are the sustaining of the demurrer to the defendant's evidence, directing a verdict for the plaintiff, and rendering judgment thereon. The facts alleged in the answer concerning the transfer of the notes from Thomas Ruddy Company to the plaintiff were not shown. There was conflicting evidence concerning the consideration received by the defendant for the $3,000 note. Plaintiff's evidence tended to show that there was a consideration for it, while the defendant's evidence tended to show that it was an accommodation note. An accommodation note is good in the hands of one who holds it in due course. (Gen. Stat. 1915, § 6556.)

2. Much of the defendant's brief is taken up with complaints concerning the admission and exclusion of evidence. The defendant claims that he was not permitted to introduce competent evidence on his behalf, and that the plaintiff was permitted to introduce incompetent evidence. The defendant sought to introduce evidence to show that neither H. H. Ready nor W. W. Blaker was authorized by the Thomas Ruddy Company to endorse the notes. That evidence was excluded. The rule is that a maker of a promissory note cannot ordinarily defeat it on the ground that the officer of the payee corporation who endorsed the note lacked authority to do so. (8 C. J. 716; *Bank v. Bryan,* 72 W. Va. 29, 41; *Graham v. Troth,* 69 Kan. 861, 77 Pac. 92; *Greene v. McAuley,* 70 Kan. 601, 79 Pac. 133; *Cobe v. Hackney,* 83 Kan. 306, 111 Pac. 458.) The Thomas Ruddy Company is the only one who can complain of the lack of authority of Ready or Blaker.

All the matters complained of have been examined and no substantial error is found in any of them.

The judgment is affirmed.