Casten v. Windett.

No. 26,180.

ALBERT M. CASTEN, *Appellant*, v. F. E. WINDETT, *Appellee.*

SYLLABUS BY THE COURT.

BILLS AND NOTES—*Non-negotiable Note—Rights of Assignee.* The holder of a non-negotiable promissory note which contains the clauses "promise to pay to ——, or order," and "agreed that this note is not transferable," to whom it was assigned after maturity, is *prima facie* entitled to maintain an action for the collection thereof.

Appeal from Osage district court; ROBERT C. HEIZER, judge. Opinion filed November 7, 1925. Reversed.

*A. K. Stavely,* of Lyndon, for the appellant. *Albert M. Casten,* of Quenemo, *pro se.*

*C. H. Leonard,* of Quenemo, and *A. B. Crum,* of Lyndon, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: This controversy involves the question whether the assignee of a nonnegotiable note which contained a stipulation that it was not transferable may recover from the maker. The action was filed before a justice of the peace. The bill of particulars alleged that the note was assigned to the plaintiff after maturity and for a valuable consideration. An appeal was taken from the judgment of the justice of the peace to the district court, where a demurrer to plaintiff's bill of particulars was sustained on the ground that it failed to state a cause of action. The plaintiff appeals.

The defendant contends that the clause prohibiting transfer of the note was absolute; that the plaintiff acquired no rights by virtue of the assignment to him, and was, therefore, not the real party in interest. On the other hand, the plaintiff contends that all rights in and to the note and the debt evidenced thereby became vested in him from the time of its assignment, which was after its maturity, subject to any equities or defenses the defendant might have against the original payee.

The note reads:

"173.25  The Company is authorized to insert in this note the number and date of policy.

"For value received (in policy No. ——, dated the —— day of 19—, issued by The Continental Insurance Company of New York) —— promise

Assignments, 5 C. J. § 150; Bills and Notes, 8 C. J. § 1096.

to pay to said company, or order, at their office in Chicago or New York, with expenses of collection and attorney's fees, and without relief from valuation or appraisement laws, the sum of $173.25, on the first day of September, 1921, with interest at the rate of 6 per cent. If this note is paid on or before three months from date, then no interest to be charged. And it is hereby agreed, that in case of nonpayment of this note at maturity, this company shall not be liable for loss during such default, and the policy for which this note was given shall lapse until payment is made to this company in New York, or to its western department at Chicago, and in event of such nonpayment, the whole amount of the note may be declared earned, due and payable, and may be collected by law. Given in payment for a policy of insurance. The said policy may be canceled at any time by compliance with its provisions. It is hereby understood and agreed that this note is not transferable.

"Dated at Quenemo this 9th day of February, 1921.      F. E. WINDETT."

In *McCrum v. Corby*, 11 Kan. 464, 470, it was said in the opinion:

"At common law no chose in action was negotiable, or even assignable. In equity every chose in action, except a tort, was assignable; but it was assignable subject to all equities that might be set up against it. Under our statutes every chose in action is assignable, except a tort, the same as it was in equity (Civil Code § 26 [R. S. 60-402]); and under our statutes (the same as in equity) it is subject, after assignment, to all equities that may be set up against it, unless it be a negotiable bond, or a negotiable bill of exchange, or a negotiable promissory note."

A question much like the present one was considered in *Fisher v. Bank*, 77 Kan. 268, 94 Pac. 124. There a note was payable to "The M. Ryan Estate only." The administratrix transferred the note to the bank which brought suit. The defendant contended that the note was nonnegotiable, was payable only to the estate; that the plaintiff could not become the owner thereof, and therefore had no capacity to sue. In the opinion it was said:

"But while the indorsement, if unauthorized, would not convey the ownership of the note, it was sufficient to give the indorsee the power to collect. This court has repeatedly held that a person who has the naked legal title to a note may collect the same by suit, even though the money, when collected, belongs to another. . . . In this case the bank, by reason of the want of authority in the administratrix to indorse the note, may not be the owner thereof, and the proceeds of the note, when collected, may belong to the estate, but this would not prevent the bank from maintaining this action." (p. 272.)

In *Manley v. Park*, 68 Kan. 400, 75 Pac. 557, it was said:

"When the owner of a note, for reasons satisfactory to himself, assigns it to another, thereby vesting in him the full legal title, the assignee becomes, so far as the debtor is concerned, the real party in interest. . . . When the

obligor is sued by such assignee (no claim as innocent purchaser being involved) he can make any defense he could have made against the assignor; he is fully protected against another action, and in no way is it a matter of the slightest concern to him what arrangement between the plaintiff and the original creditor occasioned the assignment." (p. 401.)

In *Rullman v. Rullman,* 81 Kan. 521, 106 Pac. 52, it was said:

"The defendant has a right to insist that an action against him shall be brought by the real party in interest as the statute provides, but the purpose of the statute has been attained if the defendant is not shut out from defenses and counterclaims, and will be fully protected by the judgment from any further liability on the same cause." (Syl. ¶ 3.)

In the opinion this language was used:

"When one assigns his claim to another for collection, or authorizes him to sue for its enforcement, he thereby gives such other the character of the real party in interest, and effectually concludes himself on the transferred claim. The relation between these parties is of little concern to the defendant debtor if he has the opportunity to make all of his defenses and will be protected by a payment to the one bringing the action. In *Green v. McAuley,* 70 Kan. 601, Mr. Justice Mason suggested what was conceived to be 'the true rule of general, if not universal application, that so far as affects the question of the right of the plaintiff to maintain the action, the only inquiry open to the defendant is whether the plaintiff has such title to the note that a payment made to him would be a complete protection to defendant from any further liability.'" (p. 523.)

There are contracts where a stipulation against transfer is held to be good. (1 Williston on Contracts, 787, § 422.) For instance, it may be agreed that a contractual duty shall not be delegated; that an agreement to convey real estate may contain the provision that the vendee shall not assign his right to a conveyance. In insurance policies it is common to prohibit the assignment before loss. The principles governing in such cases are not applicable here. In the instant case defendant may assert any defense he may have against the note the same as he could have done against plaintiff's assignor. (See *Manley v. Park,* 68 Kan. 400, 75 Pac. 557, 66 L. R. A. 967; *Graham v. Troth,* 69 Kan. 861, 77 Pac. 92; *Greene v. McAuley,* 70 Kan. 601, 79 Pac. 133, 68 L. R. A. 308; *Stanley v. Penny,* 75 Kan. 179, 88 Pac. 875; *Bank v. Bank,* 116 Kan. 530, 227 Pac. 365; 5 C. J. 989; 8 C. J. 56; *Weber v. Rosenheim,* 37 Ill. App. 72; *Sands v. Curfman,* 177 S. W. 161 [Tex.]; *Ralph v. Anderson,* 187 Cal. 45.)

We are of opinion the note was assignable and plaintiff's bill of particulars stated a cause of action.

The judgment is reversed and the cause remanded with directions to overrule the demurrer.