Lucky v. Rush.

No. 26,749.

HAROLD LUCKY, *Appellee,* v. E. F. RUSH, *Appellant.*

No. 26,750.

J. H. BEARLY, *Appellee,* v. E. F. RUSH, *Appellant.*

SYLLABUS BY THE COURT.

1. CONTRACTS—*Breach—Oral Assignment—Title to Sustain Action.* It is held
to be no cause for reversing a·judgment upon a claim for breach of an
oral contract to buy corn that it was rendered in an action brought by
the holder of a similar claim upon an oral assignment from the seller, who
continued to be the beneficial owner of the cause of action, and who as a
witness testified that he had made such transfer.

2. SAME—*Allowance of Interest.* Under the circumstances of the case the al-
lowance of interest before judgment is held not to have constituted reversible
error.

3. SAME—*Evidence.* The evidence is held to support the judgment.

·  Appeals from Linn district court; EDWARD C. GATES, judge. Opinion filed
June 12, 1926. Affirmed.

*Charles F. Trinkle,* of La Cygne, for the appellant.
*John A. Hall,* of Pleasanton, for the appellees. ·

The opinion of the court was delivered by

MASON, J.: Harold Lucky asserted a claim against E. F. Rush
for the refusal to carry out an oral contract for the purchase from
him of a quantity of corn. William Byerly asserted a like claim
against Rush. Byerly orally assigned his claim to Lucky in order
that both claims might be prosecuted in one action, Lucky to ac-
count to Byerly for the proceeds recovered. Lucky sued upon both
claims and recovered a judgment on both, from which this appeal
is taken.

1. The defendant contends that under the circumstances stated
the cause of action based on his contract with Byerly could not be
maintained by Lucky, because Byerly and not Lucky was the real
party in interest. He recognizes the rule that the holder of the mere
naked legal title may ordinarily sue upon a claim without having
any beneficial interest therein (*Manley v. Park,* 68 Kan. 400, 75 Pac.

Appeal and Error, 4 C. J. pp. 924 n. 1, 926 n. 31, 1177 n. 83, 1178 n. 84. As-
signments, 5 C. J. p. 994 n. 49. Interest, 33 C. J. p. 211 n. 7.

557, and later cases), but regards that situation as arising only where a writing has been executed evidencing a transfer of title. Byerly was a witness in the present case and testified that he had assigned his claim to the plaintiff. The defendant was thereby protected as effectually against any demand on the part of Byerly as though a written assignment had been made. No conditions exist suggesting any way by which substantial injustice might result from permitting the adjudication of the controversy between Byerly and the defendant in an action brought by Lucky upon an oral assignment, and we see no reason for reversing the judgment because of Byerly being the person ultimately interested in its collection.

2. The defendant also complains of the allowance of interest upon the claims sued on, invoking the rule that interest before judgment is not allowed as such upon a claim for unliquidated damages. (*Evans v. Mosely*, 84 Kan. 322, 114 Pac. 374.) The case was tried without a jury. The controversy was wholly over the question of the defendant's liability. No evidence was introduced by him upon the issue of the amount of damage, which was largely or wholly a matter of calculation if the plaintiff's evidence was given full credit. The attention of the district court does not appear to have been directed to the question whether interest should be allowed. None was allowed as a separate item, and the amount entering into the judgment is very small. The grounds on which a new trial was asked were erroneous rulings on questions of law and because the decision was wholly contrary to the evidence. Under these circumstances we think the present judgment need not be disturbed.

3. The contention is also made that the evidence does not support the verdict; but we think it presented a fair question of fact.

The case of *Bearly v. Rush* involves the same legal questions.

The judgments are affirmed.