No. 26,993.

P. W. Goebel, as Trustee, *Appellee,* v. E. T. Anderson et al.,
*Appellants.*

SYLLABUS BY THE COURT.

1. Bills and Notes — *Who May Sue — Designated Payee.* The designated
payee of a note can maintain an action to enforce payment thereof although
he may not be *stricti juris* the real party in interest.

2. Same—*Necessary Parties to Enforce Payment.* In a merger of two banks
or the absorption of one by the other, certain details of the negotiations re-
quired a retiring banker to satisfy certain of his personal obligations by a
note and mortgage which it was not convenient for the other parties to the
transaction to handle in their own names, and by agreement of all con-
cerned the person who held the presidency of a metropolitan trust com-
pany, with whom all parties had frequently had prior business dealings, was
designated as payee. *Held,* that such designated payee was a proper party
to bring an action to enforce collection of the note, and the parties bene-
ficially concerned were not necessary parties thereto.

Appeal from Morris district court; Cassius M. Clark, judge. Opinion filed
April 9, 1927. Affirmed.

*W. S. Norris, C. W. Burch, B. I. Litowich* and *La Rue Royce,* all of Salina,
for the appellants.

*E. S. McAnany, M. L. Alden, Thomas M. Van Cleave,* all of Kansas City,
and *W. J. Pirtle,* of Council Grove, for the appellee.

The opinion of the court was delivered by

Dawson, J.:   This appeal presents the question whether the nomi-
nal payee of a note and mortgage can maintain an action thereon
when he is not *stricti juris* the real party in interest.

The instrument sued on was designated a second mortgage cou-
pon bond for $10,700, with interest, "payable to the order of P. W.
Goebel, trustee," with the other usual recitals of monetary obliga-
tions, and signed by the defendants.

The trial court's brief findings of fact summarized the case:

"Findings of Fact.

"1. That on or about July 1, 1922, E. T. Anderson and Cora F. Anderson
executed to P. W. Goebel, trustee, the promissory note set up in plaintiff's
petition, and also the mortgage set up in said petition.

"2. The consideration for said note and mortgage was the surrender to E.

Bills and Notes, 8 C. J. pp. 822 n. 91, 829 n. 56; 3 R. C. L. 984.

T. Anderson of notes to that amount held by the Burdick State Bank, two of which he has guaranteed in writing, and, on the third of which, executed by Geo. O. Lang, it was claimed E. T. Anderson was liable as a silent partner.

"3. At the time of the commencement of this action plaintiff was the holder of said note in trust for the Farmers State Bank of Burdick, Kansas, and the Kansas Trust Company of Kansas City, Kansas.

"4. That on December 22, 1923, there was paid for the plaintiff $191.91 taxes on the land described in said mortgage.

"5. That no part of said note or of said taxes last mentioned have been paid by the defendants, E. T. Anderson and Cora F. Anderson."

Judgment was entered for plaintiff; and defendants assign error, contending that the words "Goebel, trustee," did not specify or create a trust, and that there were no negotiations between the makers and Goebel, nor any debt due from them to him as the nominal payee.

The record discloses that prior to July, 1922, there were two banks in Burdick, and the parties chiefly concerned decided that one bank could serve that community better than two. Accordingly a merger of the two or absorption of one by the other was effected. E. T. Anderson was president of the bank which was going out of business. The nature of the agreement between defendants, the two banks, and other parties concerned was shown. One of the terms of the merger or consolidation, based upon sufficient consideration, was that this coupon note and mortgage were to be executed by defendants in satisfaction of a liability of E. T. Anderson, retiring president of the bank which was going out of business; and, as it was inconvenient for the other parties to the transaction or the surviving bank to handle the note and security, the plaintiff, "P. W. Goebel, trustee," was designated as the payee as a part of that agreement; and while plaintiff at the time did not know he had been agreed upon as trustee, he did know the parties and had formerly had business dealings with them, and so he accepted the trust and caused the Kansas Trust Company of which he was president to pay full value for the note and mortgage.

Defendants emphasize the potency of our code rule (Civ. Code, § 25, R. S. 60-401), which provides that "every action must be prosecuted in the name of the real party in interest"; but that rule contains an exception "as otherwise provided in section 27," which reads:

"An executor, administrator, guardian, trustee of an express trust, a person

Goebel v. Anderson.

with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. . . . (Civil Code, § 27, R. S. 60-403; *Scantlin v. Allison,* 12 Kan. 85.)"

The legal effect of the agreement between the defendants and the other parties interested in the merger or absorption of the one Burdick bank by the other was to make plaintiff the trustee of an express trust, or a person in whose name a contract (the note and mortgage) was made for the benefit of another, and no rule of law required the terms of that trust to be specified in the note and mortgage. (*Scantlin v. Allison,* supra.)

In *Manley v. Park,* 68 Kan. 400, 75 Pac. 557, it was held:

"One who holds the full legal title to a promissory note by assignment may maintain an action thereon against the maker, notwithstanding he has no beneficial interest in the proceeds, the assignment having been made to enable him to realize on the claim in the interest of the original payee." (Syl. ¶ 1.)

In the same case it was held that one who holds the legal title to a note, although without beneficial interest therein, is the real party in interest so far as the debtor is concerned, but the debtor can invoke any defense which would be available to him against the party through whom such naked holder derived title. (See, also, *Fisher v. Bank,* 77 Kan. 268, 94 Pac. 124; *Casten v. Windett,* 119 Kan. 630 and citations, 240 Pac. 398; *Lucky v. Rush,* 121 Kan. 279, 246 Pac. 1004.)

A matter of importance in determining the sufficiency of a plaintiff's capacity to sue is the court's duty to protect an obligor from the possibility of having to pay his debt twice. But here the makers of this note could have paid this obligation of theirs to the designated payee with perfect safety, for the civil code so assured them. (R. S. 67-409; *Rullman v. Rullman,* 81 Kan. 521, 106 Pac. 52; *Davison v. Calmback,* 95 Kan. 560, 148 Pac. 625; *Allen v. Home Circle,* 112 Kan. 576, 212 Pac. 95.)

Other phases of this lawsuit disclosed by the record have been duly noted, but since they have no material bearing upon the question which defendants choose to urge on our attention they need not be discussed.

The judgment is affirmed.

Burch, J., not sitting.