C. M. CAMPBELL *et al.* v. THE KANSAS TOWN COM-
PANY *et al.*

No. **13,611**. (76 Pac. 839.)

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Bond for a Deed Held Insufficient to
   Entitle the Grantor to Possession, after Default.* Where the
   owner of land executes a bond to convey it to another in consid-
   eration of the payment of a stated sum, part in cash and the
   remainder in twelve months, agreeing to put the purchaser in
   possession within seven days, time of payment not being made of
   the essence of the contract and no right of forfeiture or rescission
   being reserved, and the grantee, having gone into possession, con-
   veys by deed to others, and in course of time the land, having
   been platted into city lots and blocks, is sold to many different
   buyers who erect valuable improvements thereon, the fact that
   the purchase-price has not been paid does not entitle the original
   owner to recover possession by an action in ejectment against the
   occupants claiming under title derived through conveyance by
   the person to whom such bond for a deed was given.

2. ——— *Indian Lands.* Where, under the circumstances
   stated in the preceding paragraph, the only title of the person
   executing the bond for a deed is derived through a conveyance
   from a Shawnee Indian, which is ineffectual because not approved
   by the secretary of the interior, and such deed is so approved after
   the subdivision and sale of the property to various owners, such
   approval operates retrospectively and validates the bond for a
   deed and subsequent conveyances, placing the grantees in the
   same situation, as against an attack made by the grantor in such
   bond, as though the Indian deed had been approved when made.

Error from Wyandotte court of common pleas;
WILLIAM G. HOLT, judge.    Opinion filed May 7, 1904.
Affirmed.

*Bird & Pope,* for plaintiffs in error.

*Thomas J. White,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: This litigation involves the title to a tract of land now forming a part of the city of Argentine, comprising about thirty-three acres, upon which over 200 houses are erected. It originated in an action of ejectment brought by C. M. Campbell against the occupants of the tract. Two persons named as defendants, R. R. Dunbar and Elizabeth Benns, are, in effect, plaintiffs, and will be so treated. The other defendants (of whom there are over 200), so far as practically important, are the Kansas Town Company, in whose behalf the tract was platted as a part of Mulvane's addition to Argentine, and its grantees. Several other defendants, claiming under a different title, have filed a cross-petition in error in this court, but no brief has been submitted in their behalf, and their contentions will not be considered. A jury was impaneled to try the case, but at the conclusion of the evidence the court directed a verdict for the defendants. A judgment was rendered accordingly, which plaintiffs now seek to have reversed.

The tract in controversy was a part of the lands set apart for the Shawnee tribe of Indians by the treaty of May 10, 1854. On December 28, 1859, it was patented by the United States to Nancy Whitefeather, a member of the tribe, the patent containing the usual provision forbidding its alienation by her without the consent of the secretary of the interior. On February 25, 1864, she conveyed to Brooking Jeffries, but her deed was not approved by the secretary of the interior until January 13, 1898. On March 29, 1865, Brooking Jeffries conveyed to Elizabeth Sharp, now Elizabeth Benns, who is one of the plaintiffs, and, so far as it affects the decision of the case, she may be con-

sidered. as the sole plaintiff, for the other plaintiffs
are entitled to no more favorable treatment, since
their claims to the property are derived from her
through a series of quitclaim deeds, the first of which
was executed in 1896, after the recording of the bond.
for deed and other instruments affecting the title,
hereinafter described. (*Lomax v. Pickering*, 173 U. S.
26, 19 Sup. Ct. 416, 43 L. Ed. 601.)

On December 4, 1867, Elizabeth Benns executed a
bond for a deed, or contract, by which she agreed to
convey the land to Adelaide V. Shearin for the con-
sideration of $200 in cash and $400 to be paid in one
year. An agreement was included that she would
put the purchaser in possession within seven days, and
Adelaide V. Shearin and her husband went into pos-
session of the land. On March 12, 1872, they con-
veyed to J. F. Kinney, and the record shows a series
of deeds from Kinney to the town company, concern-
ing which no question is raised. The plat dividing
the land into lots and blocks was filed January 2, 1882.
On January 13, 1898, the deed from Nancy White-
feather to Brooking Jeffries was approved by the sec-
retary of the interior.

Upon the facts so far presented the issue between
the parties is whether the bond for a deed is now to be
regarded as an effective transfer of title from Eliza-
beth Benns to Adelaide V. Shearin. Defendants claim
that the ordinary effect of such an instrument under
the circumstances stated, where the grantor has title,
is to vest the equitable ownership in the grantee, leav-
ing to the original owner only the naked legal title as
security for the unpaid purchase-money ; that although
Elizabeth Benns, when she executed the bond for a
deed, did not herself have title, because the deed from
Nancy Whitefeather under which she claimed had not

been approved, yet such approval, as soon as it was
made, operated retrospectively, and the situation be-
came the same in all respects as though the deed had
been approved when made, thus validating not only
the various deeds but also the bond for a deed.   On
the other hand, the plaintiffs claim that, even had the
Indian title been approved at once, the bond for a deed
would not have passed title under the circumstances
of this case, and complaint is made of the refusal of
the trial court to allow testimony that Adelaide V.
Shearin did not pay Elizabeth Benns for the land.
They further contend that until the Indian title was
extinguished no equitable title could be built up by
contract and possession, and that the subsequent ap-
proval of the Indian deed did not inure to the benefit
of the defendants.

Leaving out of consideration for the moment the
questions arising from the disability of Nancy White-
feather to make a deed without the consent of the
secretary of the interior, and treating her deed to
Brooking Jeffries as valid at the time of its execution,
we think the bond for a deed, coupled with the pos-
session of Adelaide V. Shearin, was sufficient to vest
the equitable title in her, and to prevent Elizabeth
Benns from recovering the property in an ejectment
action, notwithstanding the non-payment of the pur-
chase-price.   (*Courtney v. Woodworth*, 9 Kan. 443;
*Burke v. Johnson*, 37 id. 337, 15 Pac. 204, 1 Am. St.
Rep. 257; *Jones v. Hollister*, 51 id. 310, 32 Pac. 1115;
*Usher v. Hollister*, 58 id. 431, 49 Pac. 525.)

The first paragraph of *Courtney v. Woodworth*, supra,
reads:

"Where a party sells land, executes to the pur-
chaser a title-bond therefor, receives a part of the
purchase-money, takes several promissory notes for

the deferred instalments of the purchase-money, puts the purchaser in possession (time not being of the essence of the contract by the terms of the bond itself), he cannot, nor can his grantee who purchases with knowledge of the facts, maintain ejectment for said land merely because the party claiming under the title-bond for want of funds fails to pay the balance of the purchase-money.''

In *Usher v. Hollister*, supra, it was said :

''A person may not enter into an agreement to convey land, put his vendee in possession under such contract, receive a large portion of the purchase-money and give time for the payment of the remainder, attach no conditions of punctuality of payment to the transaction nor otherwise reserve a right of forfeiture or rescission, tolerate the possession of such vendee for a score of years, the while the land is being improved and growing in value, and then, by taking the law into his own hands, re-enter possession, and resist ejectment by his vendee upon the sole ground of the non-payment of the balance of the purchase-money, even though an action for the collection of such purchase-money has become barred by the statute of limitations.''

It is contended by plaintiffs that the possession of Adelaide V. Shearin and subsequent occupants of the land was not held under the bond for a deed but under an independent title. This matter will be referred to later. For the present, it is sufficient to say that the bond for a deed contained an express agreement to put her into possession within seven days ; that she went into possession ; that all subsequent occupants claim under deeds executed by her ; and that Elizabeth Benns never sought to regain possession until the commencemont of this action in March, 1898. These considerations we regard as sufficient to bring the case within the principle of the authorities cited.

It remains to inquire how far this result is affected by the fact that the Indian deed was not approved until long after the execution of the bond for a deed. It is well settled that, no matter how long such an approval may be delayed, when finally given it relates to the time of the execution of the deed, and inures to the benefit of subsequent purchasers from the grantor, "not as a new title acquired by a warrantor subsequent to his deed inures to the benefit of the grantee, but as a deed, imperfect when executed, may be made perfect as of the date when it was delivered." (*Pickering v. Lomax*, 145 U. S. 310, 12 Sup. Ct. 860, 36 L. Ed. 716.  See, also, *Lykins v. McGrath*, 184 id. 169, 22 Sup. Ct. 450, 46 L. Ed. 485.)  It is suggested in the cases cited that the doctrine of relation will not be permitted to defeat the title acquired in good faith through a subsequent deed executed by the Indian owner with the consent of the secretary of the interior before the approval of the earlier deed, but the plaintiffs are in no position to claim the benefit of this exception.  They have no equities superior to those of the original Indian owner or his heirs, or of the immediate grantor of Elizabeth Benns, or of any other holder of title through an unapproved deed who had executed a conveyance before its approval, for the bond for a deed was in effect a conveyance, and, however invalid when executed, and however unlawful the possession taken under it, these defects were cured by the subsequent approval of the original deed, just as the same defects in the case of other conveyances are cured.

These conclusions require the affirmance of the judgment; however, another feature of defendants' title is claimed by plaintiffs to have some bearing upon the matters already discussed and to require the determi-

nation of other questions.    After the bond for a deed was given, Nancy Whitefeather having died, a deed was executed (January 28, 1870) by Elizabeth Longtail and George Washington, describing themselves as the sole heirs of Nancy Whitefeather, to Thomas Jeffries.    This deed was approved by the secretary of the interior on June 11, 1870.    On September 19, 1870, Thomas Jeffries made a warranty deed to John H. Shearin, the husband of Adelaide V. Shearin.    In the deed of the Shearins to Kinney, already referred to, John H. Shearin alone covenanted that he was lawfully seized of the premises conveyed.    Plaintiffs argue that the deed from the heirs of Nancy Whitefeather, because it was approved by the secretary of the interior earlier than that made by Nancy Whitefeather, passed a good title to an undivided interest in the land, but failed to make a complete title because there were other heirs of Nancy Whitefeather who did not join in its execution.    The court refused to receive evidence to show that there were other heirs, and of this plaintiffs complain.    They urge that the facts just stated show that defendants and their grantors did not rely upon the bond for a deed or upon any title derived through Adelaide V. Shearin, but did rely solely upon the deed made by the heirs of Nancy Whitefeather .and upon the title derived through her husband.    We see nothing in the circumstances stated to operate as a waiver or abandonment of the title derived through the bond for a deed or as. an estoppel of defendants to claim under it.    The two titles are inconsistent, in the sense that they overlap, but the plaintiffs have no standing to challenge the right of defendants to claim under both.    A good title against plaintiffs being shown under the bond for a deed, apart from the deed made by the Indian heirs,

it is unnecessary to inquire as to the effect of the latter, or whether it was in fact executed by all the heirs of Nancy Whitefeather.

The question whether, after the approval of the deed of the original Indian owner, Elizabeth Benns could have maintained an action to charge the land with any part of the purchase-price remaining unpaid, or to procure the rescission of her contract in the event of non-payment, is not raised.

The judgment is affirmed.

. All the Justices concurring.