Yost v. Guinn.

---

No. 22,519.

D. S. YOST, *Appellee*, v. L. D. GUINN and ROSETTA GUINN, *Appellants*.

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Land—Partial Payment—Notes for Balance—Defective Title in Vendor—Action on Notes—Answer States Good Defense.* A pleading setting out that the pleader had paid $1,000 upon the purchase price of a tract of land, receiving a contract by which the vendor agreed to execute to him a warranty deed conveying a clear title at a time stated, upon his paying $2,000, the balance of the purchase price; that after the maturity of the deferred payment, and while

he was in default with respect thereto, he had been dispossessed under a sheriff's deed based on the foreclosure of a preëxisting mortgage for $7,000 given by the vendor on this and other realty; and that by reason thereof he had received nothing for his payment, states a good cause of action, as against a demurrer, for the recovery of what he had paid, the value of any benefits he had derived from the use of the property being a just set-off, but requiring to be pleaded by the adverse party. Such pleading also states a defense to an action on notes given for interest on the deferred payment.

Appeal from Decatur district court; CELSUS A. P. FALCONER, judge. Opinion filed March 6, 1920. Reversed.

*J. P. Noble,* of Oberlin, for the appellants.

*A. C. T. Geiger,* of Oberlin, for the appellee.

The opinion of the court was delivered by

MASON, J.: D. S. Yost sued L. D. Guinn and Rosetta Guinn, his wife, upon two promissory notes. The defendants filed an answer alleging that the notes had been given for the interest on the final installment of the purchase price of a tract of land which the plaintiff had contracted to deed to Guinn, the title to which had subsequently passed to a third person by a sale under an earlier mortgage, resulting in a failure of consideration. A demurrer to the answer was sustained, and the defendants appeal.

The petition merely alleged the execution by the defendants to the plaintiff of the two notes sued upon, which were dated March 1, 1913, and due five months thereafter, the amounts being $160 and $66.67. The answer set out the details of the transaction, to this effect:

On February 25, 1908, Guinn bought such tract from Yost and his wife, agreeing to pay them $3,000 therefor. They at that time executed to him a bond for a deed reciting his payment of $1,000 of the amount, in which they agreed that on March 1, 1912, and upon his payment of the remaining $2,000, with interest from the date of the bond at 8 per cent, they would execute to him a warranty deed in the usual form conveying a clear title. Guinn at once went into possession of the land, which he held until dispossessed as hereinafter stated, paying the taxes, as the bond provided he should do. The notes sued upon were given for interest on the deferred pay-

ment of $2,000 from its maturity to the maturity of the notes, that is, from March 1, 1912, to August 1, 1913. Nothing is said concerning the payment of any earlier interest. On July 1, 1913, an action was brought to foreclose a mortgage for $7,000, covering this tract and other land, which had been executed by the Yosts September 23, 1907. This mortgage had been duly recorded, but Guinn did not know that it covered the land occupied by him until after the execution of the notes sued on. The Yosts and Guinns were made defendants in the foreclosure action, which resulted in a judgment on January 10, 1914. The land was sold under the decree, the proceedings resulting in a deed to the purchaser, the mortgagee, on August 20, 1915, under which Guinn was dispossessed.

The answer included an allegation that the plaintiff "failed and refused at all times to make and deliver or offer to deliver" a deed to the land. It did not, however, allege any tender of the purchase price. It asked for the cancellation of the notes and the recovery of the $1,000 that had been paid at the time the bond was executed. It did not allege the payment of any interest on the $2,000, although the giving of the notes for the interest after maturity would suggest that prior interest had been paid, and the plaintiff's brief refers to such payment as though pleaded by the defendants.

The general rule is that where land is sold in part upon credit, under a contract that the deed is to be made upon completion of payment of the agreed price at a fixed time, which is not made of the essence of the agreement, no provision for forfeiture being made, the purchaser upon taking possession becomes the equitable owner, the vendor retaining the legal title only as security for the unpaid balance of the purchase price, the relations of the parties being substantially that of mortgagor and mortgagee. (*Courtney v. Woodworth,* 9 Kan. 443, 451; *Jones v. Hollister,* 51 Kan. 310, 32 Pac. 1115; 27 Cyc. 981.) Where the stipulated time of payment has not been made essential by the terms of the agreement, either party may make it so by tendering performance on his own part, and demanding that the other perform within a fixed period. (*Roberts v. Yaw,* 62 Kan. 43, 61 Pac. 409.) Where the vendor does this and the purchaser remains in default, the former, in a proper case, may have full title reinvested in him-

self without returning the part of the price that he has received. (Id.) As such a proceeding involves something of the element of a forfeiture, it is subject to the control of the court to the extent of seeing that the result reached shall not be inequitable. The right of the vendor to such a settlement is not absolute, and might be affected by the amount paid as compared with that still owing, as well as by other considerations. (*Campbell v. Town Co.*, 69 Kan. 314, 76 Pac. 839.) Where the purchaser abandons the deal without justification, he is not entitled to a return of any part of what he has paid. (*Wensler v. Tilke,* 97 Kan. 567, 155 Pac. 946; Note, L. R. A. 1918B 544.)

The principles just referred to, justifying the retention by the vendor of the money already paid, where the contract is not performed, do not control in the present case for these two reasons: (1) The time of payment was not made of the essence of the agreement either by the terms of the bond or by the subsequent act of the vendor; and (2) the purchaser has lost the fruits of the contract by his vendor's title having been extinguished through the foreclosure sale under the preexisting mortgage. It is true that at the time the sheriff's deed was executed the purchaser was over three years in default, although the giving of notes for the interest up to August 1, 1913, might be deemed to imply an extension to that time, reducing the period to substantially two years. But the failure of the buyer to meet his obligation promptly at maturity does not of itself work a forfeiture of his interest under the contract. (*Courtney v. Woodworth,* 9 Kan. 443; *Usher v. Hollister,* 58 Kan. 431, 49 Pac. 525; *Campbell v. Town Co.,* 69 Kan. 314, 76 Pac. 839.) In the absence of any reply to his pleading, it is not to be presumed that by paying the $2,000 and interest Guinn could have obtained the discharge of the land from the $7,000 lien which covered it and other realty. And it rested rather on Yost, the vendor, than on Guinn, the purchaser, to arrange for such an adjustment, as well as to plead such an arrangement. It is to be presumed that the proceeds of the sale under the mortgage were applied to the indebtedness of Yost, the mortgagee, and that in this way he had received the purchase price of the property.

It follows that under the allegations of the answer Guinn has lost the land on which he had paid $1,000, the loss not be-

ing due to his own fault. This does not involve a total failure of consideration, for although his answer alleges that he received nothing for his payment, he doubtless derived some benefit from the expenditure—he had the use of the land for more than seven years. If he had received a warranty deed instead of a bond he would be entitled to recover what he had paid, with interest, less the value of the benefits he had received (if a smaller sum). (15 C. J. 1320.) In the absence of any exceptional circumstances affecting the case, that would seem a just basis for a settlement here. What the use of the property was worth is a matter proper to be set out in a reply.

The notes sued upon were essentially for a part of the last installment of the purchase price, and unless the plaintiff was able to make title to the property he was not in a position to insist upon their payment. The obligations to pay and to convey were interdependent. In an action upon a purchase-money note the total or partial failure of consideration may by the prevailing rule be pleaded as a full or *pro tanto* defense. (Note, L. R. A. 1918A 1055.)

The judgment is reversed, and the cause is remanded with directions to overrule the demurrer to the answer.