No. 22,414.

WILSEY STATE BANK, *Appellant,* v. ANTHONY E. AMEND and RUTH AMEND, *Appellees.*

#### SYLLABUS BY THE COURT.

1. PROMISSORY NOTES—*Notes Held for Collection—Plaintiff Not a Holder in Due Course—Instructions.* In an action upon promissory notes brought against the makers by one claiming to be a holder in due course, the defendants pleaded that the plaintiff held them merely for collection, and the case was tried largely on that issue. The jury were instructed that if the defendants' claim in this regard were true there could be no recovery. It is held that, whether or not one holding a note for collection may ordinarily maintain an action thereon in his own name, the circumstances of this case do not justify a reversal by reason of that instruction.

2. CONTRACT—*Sale of Real Estate—No Proper Tender of Deed and Abstract of Title.* Where a contract for the sale of real estate provides that upon the payment of a series of notes then executed by the purchaser, maturing at different times, and upon the execution of new

notes for the balance of the price, the vendor is to deliver a deed and an abstract showing a clear title, and after the maturity of all the notes which were given when the contract was entered into, no payment having been made, action is brought upon them by one not a holder in due course, it is a sufficient defense to show that the only offer made by the vendor to deliver a deed and abstract of title had been accompanied by a refusal to permit the purchaser to retain the abstract long enough to allow a reasonable time for its examination.

3. TRIAL  Various trial rulings held not to justify a reversal.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed June 5, 1920. Affirmed.

*W. S. Kretsinger,* of Emporia, *M. B. Nicholson,* and *W. J. Pirtle,* both of Council Grove, for the appellant.

*W. L. Huggins,* of Emporia, and *Edwin Anderson,* of Council Grove, for the appellees.

The opinion of the court was delivered by

MASON, J.: The Wilsey State Bank sued Anthony E. Amend and his wife upon four promissory notes executed by them to W. E. Stuart Land Company, the plaintiff claiming by indorsement before maturity as a holder in due course. The defendants filed a verified answer which, in addition to a general denial and other matters not necessary to be stated, alleged that the plaintiff held the notes merely for collection; that they were given as a part of the price of real estate at the time of the execution of a written contract (which was set out) for its purchase by them from the land company; and that such company had failed to furnish an abstract of title as required by the contract. A general denial by the plaintiff closed the issues. A verdict was returned for the defendants, on which judgment was rendered. The plaintiff appeals.

1. The charge to the jury included a statement to the effect that the verdict should be for the defendants if it were found that the plaintiff was not the owner of the notes sued on, but was only holding them for collection. At the request of the plaintiff this special question was submitted: "Is the plaintiff the owner and holder of the notes sued on in this action?" The jury answered: "No." In view of the instruction referred to and of the defendants' pleading on the subject this response must be interpreted as meaning that the plaintiff

held the notes merely for collection. The plaintiff contends that even in that case it was entitled to recover, and that the instruction was erroneous. One who holds the legal title to a note, although without beneficial interest, may maintain an action thereon in his own name. (*Manley v. Park,* 68 Kan. 400, 75 Pac. 557; *Greene v. McAuley,* 70 Kan. 601, 79 Pac. 133.) Assuming that this rule would enable a suit on a note to be maintained by one to whom it had been delivered for collection, we do not regard the instruction in question as warranting a reversal under the circumstances here presented. No instruction covering that phase of the matter was requested by the plaintiff, nor does it appear that the attention of the trial court was specifically directed to it in any way. In the pleadings the defendant alleged and the plaintiff denied that the notes were held for collection. The plaintiff claimed not as a holder for collection but as a purchaser for value before maturity under an indorsement to it without recourse. The case was tried largely upon the issue of its being a holder in due course. Strong evidence was given in behalf of the plaintiff that it had purchased and paid for the notes before their maturity. There was also evidence, however, that the cashier had stated that they were held merely for collection. In view of these considerations we do not feel justified in setting aside the judgment merely because as an abstract proposition the maker of a note cannot defeat an action on it by showing that some one other than the plaintiff is entitled to the proceeds of the litigation. Inasmuch, however, as the verdict is clearly based on the plaintiff's want of title, the judgment obviously does not constitute an adjudication that the defendants are not liable on the notes, and will not operate as a bar to another action thereon whether brought in the name of the bank or of the original payee. It does, however, finally determine that the bank has none of the rights peculiar to the innocent purchaser of negotiable paper.

2. The plaintiff asserts that the evidence had no tendency to establish a defense on the merits and that therefore its demurrer thereto should have been sustained, and there being no substantial controversy as to the facts a judgment should now be ordered in its favor. A part of the defendant's answer was merely an attempt to state—perhaps incorrectly—the

effect of a written contract as a part of which the notes were given. The contract itself, however, was set out in full, showing an agreement substantially to this effect:

The land company agreed to sell and the defendants to buy land in Texas. The defendants gave the four notes sued upon (due respectively in twenty days, sixty days, four months, and six months), which were said to be received as earnest money, to be applied as part payment. Upon the payment of these notes and the execution of vendor's lien notes for a like amount by the defendants, the company was to deliver a deed with an abstract of title and a certificate of one of three lawyers named as to its sufficiency, which the defendants were to accept.

The defendants pleaded, among other things, that the company had refused to furnish such abstract of title or legal opinion. Evidence was given in their behalf that a representative of the company, about two weeks before the maturity of the last note, asked the defendants to pay the notes that had been given and to execute the vendor's lien notes required by the contract, offering if they did so to deliver the deed and the abstract of title; that the abstract was a document of some three or four hundred pages, and the defendants' attorney asked for several days or a reasonable time in which to examine it; and that the company's representative refused to leave it, saying that he was going away that afternoon and wanted the new notes signed then or not at all. This evidence would support a finding that the company had refused to give the defendants a reasonable opportunity to inspect the abstract before closing the deal, and we think such a finding would be a sufficient defense to the action upon the notes. The contract contained these provisions:

"The company agrees that on or before sixty days from date hereof, or within a reasonable time thereafter, provided first this contract has been approved by the president of the company, and the purchaser has paid or caused to be paid to the company an amount equal to one-half of the total purchase price named herein, and shall have executed the vendor's lien notes stipulated above, to convey or cause to be conveyed to the purchaser by general warranty deed, the above-described land free and clear of all liens, taxes, encumbrances and charges of every nature whatsoever, except as may be otherwise provided herein. . . .

"The company further agrees to furnish to the purchaser at the time of the delivery of the deed an abstract of title to the above land properly certified to date, showing good and merchantable title, with taxes paid

Bank v. Amend.

to January 1, 1918, and in addition thereto also agrees to furnish to said purchaser a certificate of opinion, certifying the title good and merchantable. . . .

"When the payments have been made as provided herein the company agrees to convey or cause to be conveyed the land herein described as provided herein."

From this language the plaintiff argues that it did not devolve upon the company to make and deliver the deed, abstract and certificate of opinion until the defendants had paid the notes which they had already given and executed the new ones. It did, however, devolve upon it to offer to do so. Where a contract is made for the purchase of land, the purchaser giving a series of notes coming due at different times, the conveyance to be made upon the completion of the last payment, if the vendor refrains from suing until that time has arrived, he must tender the deed prior to commencing his action on the notes. He is not relieved of this obligation by the fact that the purchaser has failed to pay his notes as they have matured and is in that respect in default. (*Soper v. Gabe,* 55 Kan. 646, 41 Pac. 969.) A failure of the title would be a defense even to notes that had matured before the time for the delivery of the deed had arrived. (*Yost v. Guinn,* 106 Kan. 465, 188 Pac. 427.) The notes not having passed into the hands of an innocent purchaser, and no action having been brought until all had become due and the time for closing the contract had arrived, it was necessary in order to fix the liability of their makers that the ability and willingness of the vendor to perform its part should be demonstrated. The mere exhibition to the purchaser of an abstract of title without a reasonable time being allowed for its inspection would not be a compliance with a requirement for its tender. The object of the abstract being to show the condition of the title, an agreement to furnish it implies that a fair opportunity is to be given for its examination.

The contract provided that if the defendants should fail to pay the notes sued upon at maturity the contract should at the option of the company become void and the notes should be forfeited to it as liquidated damages. No reliance appears to be placed upon this provision, and whatever effect might be given it under other circumstances it could be of no avail here.

3. Complaint is made because one of the defendants in the course of his testimony as to his talk with the plaintiff's

cashier, the purpose being to show that the bank did not own the notes, was permitted to state what he had said to the cashier regarding his liability on them. The ruling could not have been prejudicial, since the judgment is based wholly on the theory of nonownership and not on the absence of liability.

The plaintiff claimed to have bought the notes, indorsed as already indicated, on March 2, 1918. One of the defendants testified that he saw them at the bank about two weeks later and that they then bore no indorsement. The plaintiff offered to show by another witness that he had seen them on April 1, 1918, and that they then were indorsed to the plaintiff. The offer was refused, and the ruling is assigned as error. The testimony was not very important, since it did not necessarily contradict the testimony concerning the condition of the notes when the bank claimed to have acquired them. Moreover, no evidence that the witness would have testified in accordance with the offer appears to have been produced at the hearing of the motion for a new trial, as required by the statute. (Gen. Stat. 1915, § 7209.)

Complaint is made because the court in its instructions, in stating the defenses pleaded, omitted to say specifically that the defendants denied that the plaintiff had purchased the notes before maturity and for value. The court stated that the petition alleged such an acquirement of the notes, that the answer included a general denial, and that the matter was in issue; therefore, no prejudice can have resulted from the omission.

It is urged that the evidence of the cashier's statement that the notes were in the bank for collection could only raise a suspicion as to whether the plaintiff held them in good faith, and is not enough to overthrow the positive testimony in support of its claim. The matter involves the weighing of evidence, and the decision of the trial court thereon is final.

The judgment is affirmed.