No. 24,073.

WILSEY STATE BANK, *Appellant,* v. ANTHONY E. AMEND and RUTH AMEND, *Appellees.*

### SYLLABUS BY THE COURT.

PROMISSORY NOTES—*Ownership of Notes Res Judicata.* When a plaintiff claiming to be the owner and holder in due course of promissory notes is defeated by a jury's finding and a judgment that it is not such owner, such judgment is final and conclusive on the question of ownership, and a plea of *res judicata* is good against another action where plaintiff grounds his cause of action on the same facts as to ownership as those alleged in the first action, although in such second action plaintiff does not claim the rights accorded by law to a holder in due course.

Appeal from Morris district court; CASSIUS M. CLARK, judge. Opinion filed January 6, 1923. Affirmed.

*W. S. Kretsinger,* of Emporia, and *W. J. Pirtle,* of Council Grove, for the appellant.

*Edwin Anderson,* of Council Grove, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was a second action on four negotiable promissory notes.

In the first action the plaintiff claimed to own them by endorsement before maturity as a holder in due course. The answer was a verified general denial and that the plaintiff held them merely for collection, and a further defense was pleaded which might have been good against the original payee or a subsequent holder bound by the same infirmities. The jury was asked: "Is the plaintiff the owner and holder of the notes sued on in this action?" The jury answered: "No." Plaintiff was defeated, and appealed. This court, in affirming the judgment said:

"Inasmuch, however, as the verdict is clearly based on the plaintiff's want of title, the judgment obviously does not constitute an adjudication that the defendants are not liable on the notes, and will not operate as a bar to another action thereon whether brought in the name of the bank or of the original payee. It does, however, finally determine that the bank has none of the rights peculiar to the innocent purchaser of negotiable paper. . . .

"The judgment is based wholly on the theory of nonownership and not on the absence of liability." (*Bank v. Amend,* 107 Kan. 25, 27, 30, 190 Pac. 739.)

In this action the same facts of ownership which were adversely determined by the jury's finding and the prior judgment are again

asserted as the sole basis for the plaintiff's cause of action, although of course the plaintiff does not seek to rely on the rights of a holder in due course without notice of defenses. But plaintiff's petition contains no allegation that it had acquired an interest in the notes since the adverse determination of the question of ownership, nor was its petition susceptible of an interpretation that it held the notes merely for collection.

The defendants set up the former adjudication, and particularly the special finding of the jury upon which the former judgment rested.

Plaintiff demurred to this defense and moved to strike it from the answer. This demurrer and motion were overruled, and plaintiff appeals.

In his brief and argument, the plaintiff says:

"That this appeal is for the purpose of obtaining a more decisive statement of the force and effect of the former decision, recorded in 107 Kan. 25 to 30. . . .

"We believe if the Supreme Court had reversed the case, with instructions to grant a new trial, in which the bank should not be allowed any of the rights peculiar to the innocent purchaser of negotiable paper, the meaning of the court would be clear, and would be in accord with the intent and purpose of the opinion. We believe this court still has the power to explain or modify the opinion in that case, so as to leave no doubt as to the intent of the court, and so as to protect the rights of appellant, and allow the bank an opportunity to obtain justice in the matter."

This being an independent lawsuit, nothing can now be said or done to alter or modify the judgment in the earlier case. (*Headley v. Challis*, 15 Kan. 602.) All the issues necessarily involved therein are *res judicata*. (*Hays v. Insurance Co.*, 104 Kan. 230, 232, 178 Pac. 432.) If, as our earlier opinion indicated, a suit were sought to be maintained by the bank under some alleged claim of right to collect on these notes for some lawful owner, and a showing of such right were made, the former judgment would not be a bar. But here plaintiff sues in its former alleged quality of ownership. Its claim to be the owner is founded on precisely the same basic facts alleged the first time, and that claim has been adversely determined. It cannot be relitigated. The jury said the bank did not own the notes, and it is useless for the bank to persist that it does own them; and plaintiff's demurrer and motion to strike, which were lodged against the defense of *res judicata*, were properly overruled.

Affirmed.