No. 24,415.

THE STATE BANK OF OTTAWA, *Appellee,* v. (GEORGE KINNETT et al., *Appellee*), GEORGE F. CARSON, Peoria Consistory, S. P. R. S., *Appellants.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Action in Name of Holder for Benefit of Real Owner of Note.* Where the payee of a promissory note indorses it in blank and executes an assignment of a real-estate mortgage securing it to a person who holds it for the benefit of a company of which he is president, and the note and mortgage are then sold to another organization of which the same person is treasurer, he holding them thereafter for the benefit of that organization, an action thereon may be maintained in the name of such person although he testifies that he does not own them personally but that such organization owns them.

2. SAME—*Holder in Due Course—Method of Indorsement.* To constitute a subsequent owner a holder in due course an indorsement must be made on the note itself or on a paper attached thereto, but if that is done a separate assignment of the mortgage, which also refers to the note, cannot impair the effect of the commercial indorsement.

3. SAME—*Action in Name of Holder—Real Owner of Note Should Be Allowed to Plead.* Where in the situation stated in the first of the foregoing paragraphs relief is denied to the holder of the legal title of the note and mortgage on the ground that he is not the beneficial owner an application by such organization made and submitted at the same term of court for leave to plead in its own name should be allowed although it had previously been

Bank v. Kinnett.

served with notice by publication and had actual notice of the litigation and had not entered an appearance because of relying on its interests being protected by proceedings in the name of the holder of the legal title.

Appeal from Franklin district court; HUGH MEANS, judge. Opinion filed April 7, 1923. Reversed.

*S. D. Parker, J. W. Parker,* both of Olathe, *W. B. Pleasant,* of Ottawa, *Francis H. Tichenor, Hiram E. Todd, Hugh E. Wilson,* and *Chester F. Barnett,* all of Peoria, Ill., for the appellants.

*W. S. Jenks,* and *F. M. Harris,* both of Ottawa, for the appellees.

The opinion of the court was delivered by

MASON, J.:   The State Bank of Ottawa brought an action against George Kinnett and his wife upon a note secured by a mortgage in the form of a deed, dated March 1, 1920, the balance due being $7,874.80.  G. F. Carson Company, the Peoria Consistory of Scottish Rite Masons and George F. Carson were made defendants under the allegation that they claimed some interest in the realty.  George F. Carson in an answer and cross-petition claimed as a holder in due course of two notes, for $4,500 and $5,500 respectively, given by the Kinnetts to J. L. Pettyjohn & Company, secured by mortgages on the land referred to, executed in February, 1920, which he asserted constituted prior liens.  The Kinnetts answered, setting out, among other things, that they had received nothing from the Pettyjohn company for the notes and that Carson took them with knowledge of that fact and without paying anything for them. Upon a trial without a jury Carson was denied relief on the ground that he was not the owner of the notes and mortgages but that the consistory was.  The consistory then asked permission to plead in the case as the beneficial owner, which was denied.  Judgment was rendered accordingly, denying Carson and the consistory all relief and barring them from any interest in the real estate, and they appeal.

1. The findings of the trial court showed these facts among others:   The two notes and mortgages to the Pettyjohn company were executed by the Kinnetts in February, 1920.  About November 30, 1920, the notes were indorsed in blank by the Pettyjohn company and the mortgages were assigned to George F. Carson & Company.  "While  .  .  .  said mortgages were assigned to George F. Carson & Company, of Peoria, Ill., yet the actual paper assignment thereof was in the name of George F. Carson, and on and after

said assignment said notes and mortgages were in fact the property of the said George F. Carson & Company. Shortly after the assignment of said notes and mortgages to George F. Carson & Company, the said company sold and delivered said notes and mortgages to the defendant the Peoria Consistory of Scottish Rite Masons of Peoria, Ill., and since said sale and delivery said notes and mortgages have been and are now the property of the said defendant the Peoria Consistory of Scottish Rite Masons, and said defendant is now the owner and holder thereof in due course. The defendant George F. Carson is the president of the defendant George F. Carson & Company and is the treasurer of the defendant the Peoria Consistory of Scottish Rite Masons. At the time of the trial of this action, the defendant George F. Carson had in his possession the originals of the notes and mortgages referred to."

Carson testified that the consistory was holding its title to the mortgages under the assignments made out in his name—in which he was named as the assignee; that he was holding them as treasurer of the consistory; that he did not own them personally, but it was the consistory that owned them.

Under these findings we conclude that the trial court erred in holding that Carson could not maintain the action on the notes and mortgages in his own name. By virtue of his possession of the notes indorsed by the payees in blank, and of the assignments of the mortgages made to him, he held the legal title. He held it for the benefit of the consistory, but inasmuch as that body was willing he should undertake their enforcement in court in his own name, the opposing parties had no valid ground of objection unless for some special reason their substantial rights would be prejudiced thereby, and that does not appear to have been the case. This is in accordance with the rule established in this jurisdiction in 1904 (*Manley v. Park*, 68 Kan. 400, 75 Pac. 557) and adhered to ever since, and with the specific provisions of the uniform negotiable-instruments law. (Gen. Stat. 1915, § 6578; Brannan's Negotiable Instruments Law, 3d ed., p. 159-160.)

It is suggested that the finding that the consistory is the holder of the notes and mortgages in due course should be disregarded because no such issue was presented or tried. The appellees made no attack on the findings in the court below and can hardly be heard to question them now. Moreover, inasmuch as Carson was holding the title for the consistory, having no personal interest in the matter, being merely its representative, if it was a holder in due course

the same was necessarily true of him. It is urged that the plaintiff failed to make his case because his allegation that the notes were indorsed by the Pettyjohn company was put in issue by the verified general denial of the Kinnetts. The indorsement was not specifically denied, and the special averments that were made did not readily suggest a purpose to challenge it. The situation in this respect is somewhat similar to that presented in *Leach v. Urschel*, 112 Kan. 629, 212 Pac. 111. Assuming, however, that the matter was technically at issue under the pleadings, the decision was not based on a lack of evidence thereon, for the fact of the indorsement was expressly found, and the finding not having been assailed in the trial court is not now open to this assault.

The appellees cite *Bank v. Amend*, 107 Kan. 25, 190 Pac. 739, as sustaining the judgment. That was decided upon a quite different state of facts. There a bank holding a note indorsed to it by the payee sued the maker, claiming to be the beneficial owner, entitled to recover although a defense existed as between the original parties. The maker answered that the bank merely held the note for collection and the case was tried on that issue, no claim being made by the bank of a right to recover as a collecting agent, presumably because the bank did not wish to meet defenses available against the payee. Here Carson's position is that he holds the legal title to the notes and mortgages for the benefit of the consistory. He asserts the rights of a holder in due course, but he makes the assertion in behalf of the consistory as the beneficial owner. He is entitled to be treated as an innocent purchaser of negotiable paper if the consistory would have been entitled to that treatment if the pleading had been filed in its name. He is in effect the trustee—the representative—of the consistory; in alleging his rights he alleges the rights of the consistory asserted in his name. The situation is not like that presented where a colorable transfer is made by the real owner of a note in order to gain some advantage over those liable upon it. He is not undertaking to cut off a defense that could be made against the beneficial owner—the consistory. There is nothing illegal or discreditable in the owner of a note placing the legal title in some one else for the purpose of a suit where no unfair advantage is sought. Here no concealment was attempted. Carson pleaded, as was proper, that he was the owner of the notes. To support that claim he was of course not obliged in his testimony to deny or conceal the actual facts. He was the owner in the sense in which the word was pertinent in that con-

nection—he held the legal title. On the witness stand he stated with entire frankness the facts showing on what his right was based —that he held the notes and mortgages in his name for the benefit of the consistory, and that it and not he was the owner in the sense of being ultimately entitled to the proceeds.

2. It is suggested that neither Carson nor the consistory can be a holder of the notes and mortgages in due course, because in their brief it is said the notes and mortgages were assigned to Carson by an assignment not written on the note. To constitute a subsequent owner a holder in due course an indorsement must be made on the note itself or on a paper attached thereto (Gen. Stat. 1915, § 6558), but if that is done a separate assignment of the mortgage, which also refers to the note, cannot impair the effect of the commercial indorsement. Moreover the decision against Carson was not based upon the theory that he was an owner otherwise than in due course, but that he was not an owner at all and was not qualified to maintain the action.

3. We also think the consistory should have been given leave to plead, although it had previously omitted to do so after being served by publication and having actual notice of the litigation. Even if it had been mistaken in supposing its rights in the litigation would be fully protected by proceedings had in the name of Carson, a denial of an opportunity to be heard on the merits would be a very severe penalty for an error of that character. Nothing had been determined by the decision against Carson except that he could not maintain an action on the notes and mortgages standing in his name because he was not their beneficial owner. The consistory's application for leave to plead was made and ruled upon at the same term of court at which the judgment was rendered and should have been favorably considered in order that the conflicting claims of the parties might be determined upon their substantial merits.

Mention is made of the omission of the consistory to tender a pleading. Its claim had already been set forth in the name of Carson and there was no room for doubt as to what its contentions were.

Mention has also been made of a question as to the proper designation of the consistory, but whatever consequence may heretofore have attached to the matter, it has now ceased to be material.

The judgment is reversed and the cause is remanded with directions to grant a new trial, thereby setting aside all the findings heretofore made, and to permit the consistory to plead.