No. 32,444

LEWIS J. KETTER (B. F. MESSICK, Assignee), *Appellee*, v. THE COMMERCIAL CREDIT COMPANY and THE UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellants.*

(54 P. 2d 967)

Opinion filed March 7, 1936.

*Keene Saxon,* of Topeka, for the appellants.
*B. J. Lempenau,* of Topeka, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover on a bond given in connection with a replevin action hereafter mentioned.

J. S. Resinger brought an action in the district court to dissolve a partnership between himself and Ketter, the appellee here. It resulted in a judgment rendered March 17, 1932, that the assets did not warrant appointment of a receiver; that Resinger had an interest amounting to $132.59; that there were accounts receivable and accounts payable, and that the parties should collect the accounts receivable and pay the accounts payable and divide the balance according to their interests. Plaintiff was given judgment for his costs of $13.40.

In August, 1933, the Commercial Credit Company brought a replevin action against Ketter to recover a certain truck, the bond being executed by the United States Fidelity and Guaranty Company as surety. The truck was taken, no redelivery bond was given, and later the credit company disposed of it. Ketter claimed a mechanic's lien on the truck, and on trial of the action was given judgment for its possession, or in lieu, its value of $150.

In September, 1933, Resinger filed an action in the court of Topeka against Ketter to recover $159.10 on the theory that amount was awarded him as a judgment in the partnership dissolution suit, and he caused garnishment to issue against the credit company. On November 13, 1933, defendants' demurrer to plaintiff's petition was overruled and plaintiff was given judgment. On November 17, 1933, the credit company was directed to pay $150 into court, but that was not then done, as later appears. A motion of defendants to set aside the garnishment was denied, and on November 22 defendants appealed to the district court. In the district court defendants' demurrer was sustained on April 18, 1934, and a journal entry to that effect was prepared, approved by the court and filed. On the same day, defendants' motion to set aside the garnishment was called for hearing, but the demurrer having been sustained the trial court suggested the motion be withdrawn, and a journal entry to that effect was prepared, approved and filed.

It may be noted that Resinger, the credit company and the surety company were represented by one and the same attorney. On April 19, 1934, notwithstanding the facts, the action of *Resinger v. Ketter* had been appealed, and in the district court had been decided in Ketter's favor, the attorney presented to the clerk of the court of Topeka a copy of the order of the district court on the withdrawal of the motion to discharge the garnishment. He then, as attorney for the credit company, paid to the clerk of that court the sum of $150, and thereafter on the same day, as attorney for Resinger, withdrew the amount of $140.90 on the judgment rendered in that court, and from which appeal had been taken.

On April 27, 1934, Ketter filed this action in the court of Topeka, alleging the facts with reference to the replevin action, and that the truck or its value had not been returned to him. Both defendants, the appellants here, filed answers, alleging the money had been paid to the clerk of the court of Topeka pursuant to court order, and that by reason thereof defendant owed plaintiff nothing. An appeal was

taken from a judgment of that court to the district court, which rendered judgment in favor of Ketter. The defendants appeal.

Appellants have not complied with rule 5 of this court requiring the abstract contain a specification of errors, and the appeal might well be dismissed for that reason. In their brief, three complaints are made, which will be noticed:

1. During the trial it developed that Ketter had made an assignment of his judgment against the credit company for $150 to one B. F. Messick. Upon that disclosure being made, counsel for plaintiff sought leave to substitute Messick as plaintiff and to proceed, which the court granted. The abstract does not contain any copy of the assignment, nor does the evidence as abstracted disclose for what purpose it was given. While the code of civil procedure (R. S. 60-401) does require every action must be prosecuted in the name of the real party in interest, the code itself makes certain exceptions to the general rule. It has likewise been held the designated payee of a note can maintain an action to enforce payment although in strict law he may not be the real party in interest. (See *Lower v. Shorthill*, 103 Kan. 534, 176 Pac. 107; *Bank v. Kinnett*, 113 Kan. 360, 214 Pac. 776; *Goebel v. Anderson*, 123 Kan. 211, 255 Pac. 77; *Farmers Coöperative Union v. Reynolds*, 127 Kan. 16, 272 Pac. 776.)

It is further provided by the code (R. S. 60-402) that an assignment, such as we have here, is without prejudice to any defense. Under the substitution of party plaintiff as made, the defendants cannot be compelled to pay twice, and the somewhat belated substitution or the failure in the first instance to bring the action in the name of the real party in interest will not prejudice the defendants. (*Greene v. McAuley*, 70 Kan. 601, 79 Pac. 133; *Rice v. Kilworth*, 132 Kan. 418, 421, 295 Pac. 700.) The trial court did not err in permitting the substitution of party plaintiff.

2. It is urged the action was prematurely brought for the reason the appellee had made no effort to collect its judgment, presumably by execution or otherwise. There is nothing in the record to indicate this defense was made in the trial court. The defense alleged was the defendants had paid the money into court and were discharged. Ketter had been wrongfully dispossessed of the truck by the replevin proceedings, and he had a right to recover his damages under the provisions of the bond given in this action. The present action was not prematurely brought.

3. And finally, it is urged the money was paid into court pur-

suant to a court order and the payment discharged the defendants. The contention is without real foundation. The payment was made in an action in which it had been determined the plaintiff's bill of particulars stated no cause of action. If the plaintiff had no cause of action, he had no right to garnishment process. When the action failed, so did the garnishment. Further than that, the action had been appealed from the court of Topeka to the district court. When the money was paid to the clerk of the court of Topeka, that court had no jurisdiction of the subject matter of the action nor any right to make any order pertaining thereto. The result is the payment, though made, did not discharge the obligation of the credit company to Ketter, and Ketter, not having been paid the amount found due him as a result of the wrongful replevin of the truck, had the right to look to the credit company and the surety on its replevin bond for the amount due him.

The judgment of the district court is affirmed.